■ In the Matter of CARL C., a Patient Admitted to Harlem Valley Psychiatric Center, Appellant.—In a proceeding pursuant to Mental Hygiene Law § 9.33 for the retention of the appellant, a mentally ill person, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated August 28, 1986, which found the appellant to be mentally ill and authorized his involuntary retention at Harlem Valley Psychiatric Center for a period not to exceed six months.

Ordered that the judgment is reversed, on the law and the facts, with costs, the application is denied, and it is directed that the appellant be released from Harlem Valley Psychiatric Center.

In order for the State to confine a person to a mental institution against his will, the law requires more than a mere showing of mental illness. Rather, the State must prove, by *clear and convincing evidence*, that the person is mentally ill *and* that he poses a substantial threat of physical harm to himself or others. Such a threat can result from a refusal or inability to meet his essential needs for food, clothing or shelter *(see, Addington v Texas*, 441 US 418; *O'Connor v Donaldson*, 422 US 563; *Matter of Harry M.*, 96 AD2d 201). In the case at bar, there is no question that the appellant is mentally unstable. The only issue is whether such instability causes him to pose a substantial threat of physical injury to himself or others.

Upon an examination of the record on appeal, we conclude that such a showing was not made by clear and convincing evidence. Dr. Smoller, the State's only witness, testified that he examined the appellant and did not believe that he posed a direct threat of physical harm to himself or others. As for the appellant's ability to provide for his basic needs, Dr. Smoller simply stated, in the most conclusory fashion, that "it is questionable whether he would be able to provide for the essentials of life". Dr. Smoller's claim that prior to the appellant's admission to the hospital "he was not eating well" was admittedly not supported by the hospital record or any other evidence. In contrast, the appellant lucidly testified that he was aware of his food needs, of where to get food, and of how he would pay for it (the appellant also has a small fixed income and supportive friends and relatives). He also testified that he would never sleep outside, but that he has a bed in a

rooming house where he had been paying rent for some two years. In sum, without some factual basis to controvert this testimony and to support Dr. Smoller's conclusory assertion that the appellant is dangerous to himself or others, we do not believe that the "clear and convincing evidence" standard has been met. Therefore, the appellant cannot be involuntarily confined (see, Matter of Harry M., supra). Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.