THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY ADAMS, Appellant, v WENDY ACRISH, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated November 21, 1986, which remanded her to the custody of the respondent.

Ordered that the judgment is affirmed, without costs or disbursements.

Mental Hygiene Law § 33.15 (b) provides that upon the return of a writ of habeas corpus on behalf of a person detained in a facility for the mentally disabled, the admissible evidence "shall include the clinical record of the patient and medical or other testimony as required by the court". The recorded conclusions of physicians and others attending to a patient's needs at the subject facility are admissible where they are germane to treatment and may be used by experts in court as the basis of their opinions *(Matter of Harry M.,* 96 AD2d 201, 208-209). Furthermore, Mental Hygiene Law § 47.03 (d) grants the Mental Hygiene Legal Service, which represented the petitioner in the instant case, access to all books, records and data pertinent to a petitioner's treatment at an authorized facility. Inasmuch as counsel was afforded such broad power to elicit pertinent information prior to the hearing, the admission into evidence of the petitioner's entire hospital record does not warrant reversal *(see, Matter of Shawn C. A.,* 110 AD2d 697, 698, *lv denied* 65 NY2d 605).

In view of the testimony of Dr. Cohn, based both on his own examinations of the petitioner and his review of the progress notes contained in her clinical file as well as the substantiating testimony of Dr. Smoller and, to some extent, the testimony of the petitioner herself, the respondent established by clear and convincing evidence that the petitioner is mentally ill, poses a substantial threat of physical harm to herself or others and is in need of further care and treatment. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.