■ In the Matter of LYLE G., Appellant, v HARLEM VALLEY PSYCHIATRIC CENTER, Respondent.—In a proceeding for an order of retention pursuant to Mental Hygiene Law § 9.27, the appeal is from an order of the Supreme Court, Dutchess County (Benson, J.), dated July 23, 1987, which, upon rehearing and renewal, continued the appellant's retention pursuant to an order of the County Court, Dutchess County (Hillery, J.), dated May 29, 1987.

Ordered that the order dated July 23, 1987 is affirmed, without costs or disbursements.

The appellant contends that the court erred by permitting the respondent's psychiatrists to testify that he poses a danger

to himself. He predicates this claim on the argument that psychiatric opinions regarding an individual's propensity to be dangerous are inherently unreliable and often inaccurate. He submits that a psychiatrist may not testify to dangerousness because it is the ultimate issue in the case to be determined by the court as the trier of the facts.

These contentions have been considered and rejected by the Supreme Court of the United States in *Barefoot v Estelle* (463 US 880 [capital sentencing proceeding]; *see also, People ex rel. Adams v Acrish*, 133 AD2d 873). We also find that a proper foundation for the doctors' testimony was laid in this case.

Furthermore, in view of the testimony of Drs. Cohn and Smoller, which was based on their examination of the appellant and their review of his psychiatric records, the respondent established by clear and convincing evidence that the appellant is mentally ill and poses a substantial danger to himself *(see, Matter of Harry M.,* 96 AD2d 201). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.