OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed as moot.
 

 In this proceeding under Mental Hygiene Law § 9.31, petitioner challenges her retention after involuntary commitment to Bellevue Psychiatric Hospital pursuant to Mental Hygiene Law § 9.27. The only legal issue presented is whether the City established by clear and convincing evidence that petitioner Joyce Brown has a mental illness and is a danger to herself or others (Mental Hygiene Law § 9.39 [a]).
 

 After hearing the evidence, the Trial Justice held the evidence was not clear and convincing on Joyce Brown’s mental condition and, even assuming she were mentally ill, she was not shown to be a danger within the meaning of the governing
 
 *974
 
 statute (Mental Hygiene Law § 9.39 [a]). The Appellate Division, with two Justices dissenting, reversed and made its own findings of fact, concluding that the trial court’s decision was against the weight of the credible evidence. In its view, there was sufficient evidence satisfying the clear and convincing standard that Joyce Brown was mentally ill and that her condition had deteriorated to the point where she was in immediate danger of serious harm. Petitioner appealed as of right to this court, based upon two dissenting votes at the Appellate Division; in the event this court determined the dissents were not on an issue of law (CPLR 5601 [a]), petitioner at oral argument also made a motion for leave to appeal. The only issue presented for this court’s determination is whether the findings of the Trial Justice or the Appellate Division more nearly comport with the weight of the evidence (NY Const, art VI, § 3 [a]; CPLR 5501 [b]).
 

 After oral argument and while the matter was still pending here, the New York City Corporation Counsel confirmed, by motion, public reports that Joyce Brown had been released. We conclude that the appeal has been rendered moot.
 

 The "power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal”
 
 (Matter of Hearst Corp. v Clyne,
 
 50 NY2d 707, 713). Where, as here, a change in circumstances resolves the matter and no controversy remains, the appeal should be dismissed as moot. While we have recognized an exception to the mootness doctrine under certain circumstances, this is not such a case. Petitioner’s challenge to her involuntary commitment is not the kind of litigation inherently and typically evading appellate review, and the narrow jurisdictional context of this case presents no novel, constitutional or substantial legal question for this court’s review (Matter
 
 of Hearst Corp. v Clyne,
 
 50 NY2d 707, 714-715,.
 
 supra; see also, Matter of David C.,
 
 69 NY2d 796).
 

 Appeal dismissed, without costs, in a memorandum.