■ In the Matter of JEANNETTE S., Respondent. ROCKLAND PSYCHIATRIC CENTER, Appellant.—In a proceeding pursuant to Mental Hygiene Law § 9.31 to compel the release of a patient involuntarily admitted to a hospital, Rockland Psychiatric Center appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 30, 1989, which, after a hearing, denied its application for an order of retention for a period of up to six months and released the patient.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the proceeding is dismissed and the application for an order of retention is granted.

Contrary to the findings of the Supreme Court, we find that the patient, Jeannette S., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). In order to retain a patient in a hospital for involuntary psychiatric care, the hospital must establish, by clear and convincing evidence, that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to herself or to others *(Matter of Edward L.,*

137 AD2d 818; *Matter of Lyle G. v Harlem Val. Psychiatric Center,* 134 AD2d 470; *Matter of Anonymous v Kings County Hosp. Center,* 115 AD2d 513). In the instant case the Rockland Psychiatric Center has met its burden.

At the hearing and through the patient's medical records, it was established that the patient was suffering from "[s]chizophrenia, paranoid type with acute exacerbation". This condition was accompanied by delusions which impeded her ability to function in the community. Among these delusions was one, pursuant to which, the patient, who is single, believed herself to be married to a minister with whom she had up to seven children.

The sole witness at the hearing, Dr. Levitt, had an ample and proper basis on which to conclude that the patient was assaultive and prone to engage in dangerous conduct with regard to her need to recover custody of her imaginary children. The medical records, which were admitted into evidence upon the stipulation of the patient's attorney, contained sufficient information to support the conclusion that the patient had abducted a child, under the delusion that the child was her own, thereby occasioning the intervention of the police.

On the basis of the record, the unimpeached testimony of Dr. Levitt, which was based on her examination of the patient, and her review of the patient's extensive psychiatric history, the Rockland Psychiatric Center met the requisite standard for retention. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.