■ Capri Productions, Ltd., et al., Respondents, v Robert J. Levine et al., Appellants. [608 NYS2d 834] —Appeal from orders, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 16, 1993 and April 27, 1993, which denied defendants' request for a six-month adjournment of trial, unanimously dismissed as moot, without costs.

The issue of whether the IAS Court abused its discretion in refusing defendants a six-month adjournment of trial on account of defendant Levine's medical condition has been rendered moot by the lapse of more than six months without a trial as a result of the stay that was issued by this Court to abide the appeal *(see, Matter of Anonymous v New York City Health & Hosps. Corp.,* 70 NY2d 972). Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.

■ Long Island Savings Bank, FSB, Appellant, v Geloda/ Briarwood Corp., Respondent. [607 NYS2d 293] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 4, 1993, which denied plaintiff's motion to extend the duration of notices of pendency pursuant to CPLR 6513, unanimously affirmed, without costs.

We agree with the IAS Court that under the plain and unambiguous terms of the subject mortgage, the lien for "Additional Satisfaction Consideration" was to expire upon the passage of seven years from the date of repayment of the principal balance of the loan. The passage of such seven-year period being undisputed, the IAS Court properly found that plaintiff failed to establish good cause to extend the duration of notices of pendency against property that was no longer subject to the claimed lien. The result we reach is not in conflict with our previous order reinstating the notice of pendency, which did so without regard to whether the mortgage was soon to expire by its own terms (190 AD2d 64). Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.