■ In the Matter of BARBARA DONALDSON, as Acting Executive Director of Bronx Psychiatric Center, Appellant, v ROBERT DALEY, Respondent. [614 NYS2d 525] —Order, Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered on or about March 2, 1994, which found respondent not in need of retention and ordered his release from psychiatric care, unanimously reversed, on the law and the facts, the petition is granted and petitioner is authorized to retain respondent involuntarily for an additional 60 days from the date of this Court's order, in accordance with section 9.13 (b) of the Mental Hygiene Law, without costs.

Respondent was voluntarily committed to Bronx Psychiatric Center in April 1990. In January 1994 he submitted a request for discharge. Petitioner commenced this proceeding to contest the release, based upon respondent's chronic paranoid schizophrenia exacerbated by drug addiction. The IAS Court ordered respondent's release on the grounds that he was not mentally ill, that inpatient care and treatment were not essential for his welfare, and that his judgment was not so impaired as to render him unable to understand the need for continued care and treatment.

The court heard testimony by Dr. Yoon, a psychiatric expert, that respondent has been treated by her since July 1993 for chronic undifferentiated schizophrenia and polysubstance dependence. His condition is being controlled under medication (Haldol). On one occasion, in January 1994, he escaped from the workshop program and remained at large for 11 days, after which he was found to be on cocaine. Dr. Yoon opined that respondent would not appreciate the effect cocaine was having on his mental condition until the substance was cleansed from his brain, a process that would take 3 to 6 weeks. After hearing this unrebutted testimony, the court nevertheless granted respondent a directed verdict on the ground that respondent was not "presently a danger to himself" nor was he "right now demonstrating symptoms of

psychosis". Petitioner urged that the remission was due to respondent's medication, and that his condition, still diagnosed as one of polysubstance dependence, could worsen with cocaine abuse, as it had in January, making him a definite danger to others. Respondent argued, however, that keeping him from using drugs was not a valid reason for confining him in a psychiatric institution.

The Second Department addressed this very debate in *Matter of Seltzer v Hogue* (187 AD2d 230), where the facts were strikingly similar to the case before us. There the unrebutted evidence from expert psychiatric testimony, medical records and witness observations depicted an individual with a long history of mental illness whose behavior was being stabilized in a controlled setting with the aid of appropriate medication, but whose noncompliance with treatment programs upon prior releases from psychiatric hospitals had invariably led to substance abuse, deterioration of mental condition, and engagement in activities dangerous to himself and others. Under those circumstances, involuntary retention was upheld.

An individual's liberty interest must be weighed against the State's interests in providing care to its citizens who are unable to care for themselves because of emotional disorder, and in protecting the community from the dangerous tendencies of those who are mentally ill. The appropriate standard of proof to justify a civil commitment must be one that does not undermine the State's efforts to further the legitimate interests of both the State and the patient *(Addington v Texas,* 441 US 418). The fact that a patient's condition can be stabilized in a hospital setting of continual treatment and care does not necessarily lead to the conclusion that the patient can function normally on his own in an outpatient setting, especially where, as here, there is unrebutted evidence to the contrary *(Matter of Boggs v New York City Health & Hosps. Corp.,* 132 AD2d 340, *appeal dismissed sub nom. Matter of Anonymous v New York City Health & Hosps. Corp.,* 70 NY2d 972). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.