■ In the Matter of CHARLOTTE SELTZER, Appellant, v GRACE J., Respondent. [624 NYS2d 617] —In a proceeding pursuant to Mental Hygiene Law § 9.13 for the continued retention of the respondent at Creedmoor Psychiatric Center for involuntary care and treatment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated November 1, 1994, which denied the application and directed that the respondent be released.

Ordered that the judgment is affirmed, without costs or disbursements.

In order for a hospital to retain a patient for involuntary psychiatric care, it must be established, by clear and convincing evidence, that the patient is mentally ill and in need of continued care and treatment and that the patient poses a substantial threat of physical harm to herself or others *(see, Matter of Seltzer v Hogue,* 187 AD2d 230; *Matter of Carl C.,* 126 AD2d 640).

We conclude that the hearing court's determination that the respondent cannot be involuntarily retained should not be disturbed on appeal. It is uncontroverted that the respondent

has a mental illness for which continued care and treatment are necessary. However, the petitioner failed to show that the respondent's mental illness causes her to pose a substantial threat of physical injury to herself or others. Dr. Shane, the petitioner's sole witness, testified that, if the respondent were released, she could not provide herself with food, shelter, and clothing without assistance. However, this testimony is contradicted by the entries in the respondent's hospital record which, among other things, indicate that the respondent lives alone in a house owned by her and her husband, that she has income in the form of SSI benefits, and that she has good personal care skills. The petitioner's contention that the respondent is, in fact, dangerous to others was not proven by clear and convincing evidence (see, *Matter of Carl C.,* 126 AD2d 640, *supra).* Balletta, J. P., Thompson, Joy and Florio, JJ., concur.