■ In the Matter of MICHAEL FORD, as Executive Director of Manhattan Psychiatric Center, Appellant, v DANIEL R., Respondent. [626 NYS2d 784] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about September 1, 1994, which denied petitioner's application to retain respondent pursuant to Mental Hygiene Law § 9.13, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, to the extent of remanding the matter for a new hearing in accordance herewith.

Respondent Daniel R.'s symptoms of mental illness were

first manifested in 1981 and he has a history of alcohol and substance abuse, delusions, agitation, aggression and fragmented thinking. He was admitted to Manhattan Psychiatric Center ("MPC") in 1987 for assaulting his sister, and again in 1992 for depression, paranoia and hearing voices commanding him to hurt others. Respondent is homeless and unemployed, has a history of aggression toward hospital staff and other patients, remains delusional as to his identity and place of origin (he believes, on different occasions, that he is from India or China), and has unrealistic discharge goals in that he has no plans for the period immediately following his release. Respondent's current diagnosis is that he is suffering from chronic paranoid schizophrenia.

On January 29, 1992, respondent was admitted to MPC as a voluntary patient. On July 26, 1994, respondent submitted a request for discharge but subsequently agreed to withdraw it on condition that he meet with his treatment team to plan a discharge. On August 12, 1994, respondent submitted a second discharge request and on August 16, 1994, petitioner Michael Ford, M.D., the Executive Director of MPC, filed a petition, pursuant to Mental Hygiene Law § 9.13 (b), for authorization to retain respondent for sixty days.

A hearing was held before Justice Lebedeff at MPC on September 1, 1994 at which time Dr. Vijoy Varma, a clinical psychiatrist at MPC and respondent's treating physician, testified on behalf of petitioner. Respondent called no witnesses and did not testify. At the conclusion of the hearing, the court denied petitioner's application to retain respondent, holding that petitioner had not met his burden of proving that respondent posed a danger to himself or others, that he has had a relatively stable history and that inpatient care was not necessary to his welfare. Petitioner appeals and we now reverse to the extent of ordering a new hearing.

In order for a hospital to detain a patient for involuntary psychiatric care, it must be demonstrated, by clear and convincing evidence, that the patient is mentally ill and in need of continued, supervised care and treatment, and that the patient poses a substantial threat of physical harm to himself and/or others (*Matter of Seltzer v Grace J.,* 213 AD2d 412; *Matter of Seltzer v Hogue,* 187 AD2d 230; *Matter of Carl C.,* 126 AD2d 640).

The fact that a patient's condition is stabilized in a hospital setting during continuous treatment does not inevitably lead to the conclusion that the patient will function normally in an outpatient setting, especially where evidence exists to show

the patient cannot attend to his personal and medical needs (*Matter of George L.,* 85 NY2d 295; *Matter of Donaldson v Daley,* 206 AD2d 298; *Matter of Boggs v New York City Health & Hosps. Corp.,* 132 AD2d 340, *appeal dismissed sub nom. Anonymous v New York City Health & Hosps. Corp.,* 70 NY2d 972).

In support of his application for court authorization to retain respondent, petitioner submitted separate medical certifications from Dr. Varma and Dr. Stuart Kiell which state, *inter alia,* that respondent: was grossly delusional and, as a result, unable to care for himself; lacked insight into his illness; had a long-term history of schizophrenia and chemical abuse; and sometimes refused medication. Both psychiatrists concluded that respondent required further inpatient treatment.

At the hearing, Dr. Varma's testimony essentially echoed the conclusions in the foregoing medical reports, to which he added that respondent had previously left the hospital without leave and returned with alcohol on his breath; and that respondent suffered from delusions, would pose a physical threat to others and could not, without supervision, sustain himself in society.

Dr. Varma, however, at one point during the hearing, also averred that respondent was suitable for release to a supervised residential care facility but then, under redirect examination, restated that respondent requires further involuntary care and treatment in the hospital. Given the extensive evidence before the court concerning the seriousness and complexity of respondent's mental illness, his history of substance abuse and aggressive, delusional behavior as well as his apparent inability to support, care, or house himself, we find that it was improper to have denied the petition solely upon Dr. Varma's somewhat contradictory testimony (the court also indicated that because respondent did not return from his unauthorized absence "stumbling drunk," but with just alcohol on his breath, the seriousness of the problem was somehow mitigated). The court, at the very least, should have examined the respondent (Mental Hygiene Law § 9.31 [c]). Accordingly, we remand the matter for a new hearing. Concur —Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.