■ In the Matter of Yvette S., Respondent, v Jose Sanchez, Appellant. [645 NYS2d 26] —Order, Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered on or about February 14, 1996, which granted respondent's request for release from Bronx Psychiatric Center and denied appellant's application for respondent's retention at that facility, unanimously reversed, on the law and the facts, respondent's request is denied, and appellant is authorized to retain respondent involuntarily, in accordance with Mental Hygiene Law § 9.13 (b), without costs.

This record presents overwhelming evidence that respondent is mentally ill and in need of continued hospitalization in that she poses a substantial threat of physical harm to others (*Matter of Jeannette S. [Rockland Psychiatric Ctr.], 157 AD2d 783*). She has been diagnosed with schizoaffective disorder and borderline personality disorder, which are conditions of emotional instability and perceptual paranoia manifested by anger and hostility toward those around her. Respondent is maintained in a secure ward because of her aggressive behavioral problems. She is prescribed—but is noncompliant

in taking—medication designed to stabilize her mood and ease her anxiety. Her treating psychiatrist believes that she could not function outside a structured, supportive hospital setting, or even in a less restrictive inpatient ward. On a recent sojourn to spend Thanksgiving with her family (including her infant child), respondent exhibited physical hostility, then ran away, and eventually turned herself in for hospitalization because she had nowhere else to go.

Respondent has disputed the characterization of her behavior as hostile and aggressive, and insists that she is not in need of hospitalization. But the hospital records clearly reflect such behavior, and respondent's resistance in adhering to a medication regime indicates a lack of appreciation of her condition. Even in the hospital setting, she frequently is verbally and physically abusive toward others. The danger thus posed renders her incapable of existing on her own in the community (*Matter of Seltzer v Hogue*, 187 AD2d 230; *Matter of Boggs v New York City Health & Hosps. Corp.*, 132 AD2d 340, *appeal dismissed* 70 NY2d 972). She needs continued institutionalized care, subject to periodic review (Mental Hygiene Law § 9.13 [b]). Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.