■ In the Matter of DWIGHT J., Respondent. LEROY CARMICHAEL, as Executive Director of Bronx Psychiatric Center, Appellant. [651 NYS2d 434] —Order of the Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 5, 1996, which directed that respondent be released from the Bronx Psychiatric Center, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for an immediate hearing pursuant to Mental Hygiene Law § 9.13 (b), without costs.

Respondent is a 43-year-old male who has a 25-year psychiatric history, including numerous hospitalizations. As a voluntary patient residing at Bronx Psychiatric Center, respondent informed the director that he desired to leave the hospital. At a hearing conducted pursuant to Mental Hygiene Law § 9.13 (b), his treating psychiatrist testified that respondent, who is diagnosed as a schizophrenic—reactive paranoid type, has displayed erratic behavior indicating instability. Specifically, he receives his anti-psychotic medication by injection because he is not compliant with oral medication; without medication, he is generally intimidating, and has even threatened to kill the doctor; he eloped from the facility for a two-day period, after which he was unable to find his way back to the hospital; and he has displayed aggression towards fellow patients and staff. The doctor explained that respondent has a problem controlling his impulses, which has resulted in criminal behavior in the past, including arson and assault. The doctor stated

that, if released, there is an excellent chance respondent will fail to comply with his medication regimen. The witness concluded that, to a reasonable degree of medical certainty, respondent presents a danger to others.

Respondent also testified at the hearing. Asked if he had threatened his psychiatrist, respondent denied it. Asked about possible placement at a residence, he said, "I think I am free. I am a man. I am not—I won't make it on my own. I can go to employment an[d] I got an uncle."

Supreme Court denied petitioner's application for an order authorizing involuntary retention pursuant to Mental Hygiene Law § 9.13 and ordered respondent released. The court stayed the order of release, which the parties stipulated to extend, and this Court granted a stay pending appeal.

In order for the State to involuntarily confine a person to a mental institution, "the State must prove, *by clear and convincing evidence*, that the person is mentally ill *and* that he poses a substantial threat of physical harm to himself or others" (*Matter of Carl C.*, 126 AD2d 640 [emphasis in original]). Supreme Court's finding that petitioner failed to demonstrate that respondent poses a substantial threat is not supported by the record, which reflects that respondent is schizophrenic, receives his medication by injection due to non-compliance, and is unlikely to take his medication after release. The psychiatrist's testimony regarding poor impulse control, particularly when respondent is not taking his medication, respondent's recent outbursts and the connection between respondent's poor impulse control and his past criminal behavior indicate that, at the time of the hearing, respondent presented a substantial threat to the community (*cf.*, *Matter of Charles T. v Sanchez*, 215 AD2d 235, 236).

Because an initial order denying release is effective for only 60 days (Mental Hygiene Law § 9.13 [b]), this matter is remanded to the Supreme Court for an immediate hearing to determine if grounds still exist for respondent's retention at the facility for care and treatment. Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.