■ In the Matter of JOHN P., Respondent. CREEDMOOR PSYCHIATRIC CENTER, Appellant. [697 NYS2d 120] —In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient involuntarily admitted to a hospital, Creedmoor Psychiatric Center appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated May 11, 1999, which directed the release of the patient.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is granted.

Contrary to the determination of the Supreme Court, the patient, John P., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). In order to retain a patient in a hospital for involuntary psychiatric care, the hospital must establish by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or to others (*Matter of Seltzer v Grace J.,* 213 AD2d 412; *Matter of Jeannette S.,* 157 AD2d 783, 784; *Matter of Edward L.,* 137 AD2d 818).

Through testimony elicited at the hearing and through the patient's medical records, it was established that the patient is mentally ill, that he has serious difficulty maintaining control of his rage and anger, and that he was frequently violent and verbally abusive. He also harbors beliefs that he and his paramour would be reunited despite a protective order against him and her repeated efforts to inform him she would not reunite with him. It was also demonstrated that John P. was frequently abusive to himself, banging his head against walls and tables. Although the witnesses at the hearing disagreed as to whether John P. should remain in Creedmoor Psychiatric Center (hereinafter Creedmoor), they both agreed that he required a structured environment and medication on a structured schedule. There was, however, no evidence indicating that John P. would comply with his obligation to take the required medications.

On the basis of the record, including the testimony of the witnesses, Creedmoor established by clear and convincing evidence that John P. is mentally ill, is in need of further care and treatment, and poses a threat to himself and/or others. Thus, retention is warranted (*see, Matter of George L.,* 85 NY2d

295, 308). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.