In the Matter of DIONNE D., Respondent. CHARLOTTE SELTZER, Appellant. [774 NYS2d 167]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient involuntarily admitted to a hospital, Charlotte Seltzer appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated November 10, 2003, which denied

the petition and directed the release of the patient. By decision and order on motion of this Court dated December 1, 2003, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is granted.

Contrary to the determination of the Supreme Court, the patient, Dionne D., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). To retain a patient in a mental health care facility for involuntary psychiatric care, the facility or its director must establish by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to herself or himself or to others (*see Matter of John P.*, 265 AD2d 559 [1999]; *Matter of Seltzer v Grace J.*, 213 AD2d 412 [1995]; *Matter of Seltzer v Hogue*, 187 AD2d 230, 237 [1993]; *Matter of Jeannette S.*, 157 AD2d 783, 784 [1990]; *see also Matter of Anonymous v Carmichael*, 284 AD2d 182, 184 [2001]).

Testimony and medical records admitted into evidence at the hearing established that Dionne D. was first hospitalized in 1990 and she suffered from schizoaffective disorder, bipolar type, with paranoia and delusions directed at or involving both her husband and health care professionals. Her condition stabilized when she was on medication, which concededly had helped her in the past. Nonetheless, Dionne D. had been hospitalized numerous times in the years leading up to the commencement of the instant proceeding, including three times in 2003, often as a result of her refusal to take medication. It was demonstrated that, when she was not medicated, Dionne D. either became agitated and argumentative, or withdrew to her bed. At the time this proceeding was commenced, Dionne D. had a husband and two children, including a one-year-old daughter for whom she was responsible. Dionne D. was under investigation by the New York City Administration for Children's Services for educational neglect of her teenage daughter who had failed to attend school. In the months prior to her most recent hospitalization, she had struck the ceiling and floors of her apartment with a hammer in the course of either a real or imagined argument with neighbors, and had later refused entry to her caseworker.

After her most recent discharge from Creedmoor Psychiatric Center, Dionne D. refused to comply with out-patient aftercare directives, and refused to take medication. There was no evidence that she would voluntarily comply with these directives.

On the basis of the record, the appellant established by clear and convincing evidence that Dionne D. is mentally ill, is in need of further care and treatment, and poses a threat to herself and/or others (*see Matter of John P., supra; see also Matter of Anonymous v Carmichael, supra; Matter of Consilvio v Diana W.*, 269 AD2d 310, 312 [2000]). Therefore, retention is warranted (*see Matter of George L.*, 85 NY2d 295, 308 [1995]; *Matter of John P., supra*). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.