■ In the Matter of EILEEN CONSILVIO, as Director of Manhattan Psychiatric Center, Appellant. D.B., Respondent. [777 NYS2d 497]—

Order, Supreme Court, New York County (Lucindo Suarez, J.), entered on or about July 31, 2003, which, after a hearing pursuant to Mental Hygiene Law § 9.13, directed that respondent be released from Manhattan Psychiatric Center, unanimously reversed, on the facts, without costs, and petitioner's application for an order of continued retention granted.

In 2001, respondent, after having served a prison sentence for a violent felony, was removed from his mother's home at her request following an altercation with his aunt's friend. Respondent was admitted to a private hospital and was subsequently transferred over his objection and after a hearing to South Beach Psychiatric Facility. He remained there pursuant to successive retention orders until January 2003, when he was admitted to Manhattan Psychiatric Center (MPC) on a voluntary basis to participate in the Service for the Treatment and Abatement of Interpersonal Risk (STAIR) Program, which teaches the cognitive skills needed to manage anger and solve problems. Upon admission, respondent was diagnosed with bipolar disorder, manic with psychotic features, with a secondary diagnosis of personality disorder with antisocial traits.

Shortly after his admission to MPC, respondent was noted to be threatening. He was suspected of using marijuana and periodically refused drug testing. In May 2003, respondent acted in an aggressive and threatening manner toward a patient, and, a few days later, he attacked another patient without provocation. Several days after that, respondent had an altercation with yet another patient, but admitted it was his fault. In July 2003, respondent's doctor noted that respondent was harassing another patient with whom he nearly had a fight. Respondent was also noted to be verbally abusive to the staff. On several occasions in July 2003, respondent refused his medication and refused a change in his medication.

On or about July 22, 2003, respondent submitted a written request for release pursuant to Mental Hygiene Law § 9.13. Petitioner timely applied for an order authorizing respondent's continued retention for a period not to exceed 60 days, with supporting medical documentation.

At a hearing held pursuant to the Mental Hygiene Law, Dr. William B. Generoso, a psychiatrist at MPC, testified that respondent suffers from a mental illness and that the diagnosis was schizophrenia, paranoid type. Respondent's symptoms include suspicion of others' motives, which caused respondent to become violent and assaultive. Dr. Generoso noted that while at MPC, respondent was involved in quite a few incidents, was described as very aggressive, and had been involved in at least

three fights. In Dr. Generoso's medical opinion, respondent was a danger to himself or others because he was assaultive. Dr. Generoso further stated that respondent was not ready for discharge and recommended that he complete the STAIR Program to address his paranoid ideation. Moreover, respondent lacked an understanding of the need for continued hospitalization.

Respondent testified that he had been taking his medication and was learning to control his violent impulses. He claimed that in most of the incidents in question he was defending himself and admitted that he did not know how to control a situation where someone was trying to harm him. Respondent denied that he had ever killed anyone, yet admitted that he served a prison sentence for stabbing someone in 1996. Respondent testified that his mother wanted him to come home and live with her, but that she was unable to come to court and testify on his behalf. He assured the court he would attend outpatient treatment and take his medication.

The court granted respondent's application for release. Specifically, the court found that respondent was not mentally ill, that inpatient care and treatment were not essential to his well-being, and that he was able to understand the need for such care and treatment. Respondent remains at MPC pursuant to a stay of the release order pending appeal.

We reverse. It is well settled that a hospital may detain a patient for involuntary psychiatric care if it demonstrates "by clear and convincing evidence, that the patient is mentally ill and in need of continued, supervised care and treatment, and that the patient poses a substantial threat of physical harm to himself and/or others" (*Matter of Ford v Daniel R.*, 215 AD2d 294, 295 [1995]; *see also Matter of Anonymous v Carmichael*, 284 AD2d 182, 184 [2001]; *Matter of Consilvio v Diana W.*, 269 AD2d 310, 312 [2000]; Mental Hygiene Law §§ 9.01, 9.13). Dr. Generoso's testimony coupled with respondent's clinical records support a finding that all three elements have been met.

Although Dr. Generoso was not completely certain that respondent was schizophrenic, respondent was also diagnosed with other mental illnesses, specifically, antisocial personality disorder and bipolar disorder with psychotic features. In addition, all of the physicians agreed that respondent's main symptomatology was assaultiveness, demonstrated by his criminal history and by his actions while incarcerated, while residing with his family, and while at various psychiatric facilities.

The clinical records reflect that respondent has engaged in assaultive behavior dating back to his involuntary retention at South Beach. Respondent has been treated with medication for

attention deficit hyperactivity disorder since an early age and has been under psychiatric care off and on for most of his life. Respondent has a criminal history consisting of eight arrests, three of which were for violent felonies, and at least six convictions, including resisting arrest, assault (involving intentionally causing physical injury), and assault in the second degree (stemming from an underlying charge of manslaughter in the first degree) for which he served 18 months in prison.

The record reflects that respondent's assaultive behavior continues with no indication that it will end if respondent is released. Significantly, respondent exhibited this assaultive and threatening behavior throughout his stay at MPC and documented incidents occurred just several days prior to his request for release. Notably, this behavior has continued, despite the supervised care and treatment he received at MPC. Moreover, respondent lacks insight into his illness and fails to take responsibility for his actions, while continuing to engage in assaultive and threatening behavior. Notwithstanding his testimonial assurances that he will attend treatment and take his medication if released, this record clearly demonstrates that respondent does not understand or appreciate the need for his continued care and treatment (*see Matter of Consilvio v Diana W.*, 269 AD2d at 312).

Petitioner has shown by clear and convincing evidence that the present application for continued involuntary retention of respondent for a period not to exceed 60 days should have been granted.

Respondent's request to expand the record to include a certificate of disposition regarding his conviction dated July 22, 1998, upon a plea of guilty to assault in the second degree, for which he was sentenced to 1½ to 3 years, is granted. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.