In the Matter of Luis A., Respondent. PILGRIM PSYCHIATRIC CENTER, Appellant. [786 NYS2d 560]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient involuntarily admitted to the petitioner Pilgrim Psychiatric Center, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 6, 2004, which, after a hearing, denied the application and directed the release of the patient to his mother for transfer to the Florida Parole Board, and (2) an order of same court (Burke, J.) dated May 14, 2004, which, after a hearing, denied a second application, directed the release of the patient with a supply of medication for 30 days, and directed that the patient report to the Florida Parole Board within three days. By decisions and orders on motions of this Court dated April 21, 2004, and June 24, 2004, enforcement of the respective orders dated April 6, 2004, and May 14, 2004, were stayed pending the hearing and determination of the appeals.

Ordered that the order dated April 6, 2004, is reversed, on the facts, without costs or disbursements, the order dated May

14, 2004, is vacated, and the application to retain the respondent on an involuntary basis is granted; and it is further,

Ordered that the appeal from the order dated May 14, 2004, is dismissed as academic, without costs or disbursements.

"For a hospital to retain a patient for involuntary psychiatric care, it must establish, by clear and convincing evidence, that the patient is mentally ill and in need of continued care and treatment, and that the patient poses a substantial threat of physical harm to himself or herself or to others" (*Matter of Francine T.*, 302 AD2d 533 [2003]; *see Matter of Seltzer v Hogue*, 187 AD2d 230, 237 [1993]). Upon review of a determination by the Supreme Court to release a patient, our factual review power is as broad as that of a hearing court and we may make our own findings of fact if "no fair interpretation of the evidence . . . can support the Supreme Court's determination" (*Matter of Seltzer v Hogue, supra* at 237).

The appellant demonstrated, by clear and convincing evidence, that the patient's mental illness—Axis I schizoaffective disorder, bipolar type; cocaine and alcohol abuse; and Axis II anti-social personality disorder—causes him to pose a substantial threat of physical harm to himself or others (*see Matter of Dionne D.*, 5 AD3d 766 [2004]; *Matter of Donaldson v Daley*, 206 AD2d 298 [1994]; *see generally Matter of Scopes*, 59 AD2d 203 [1977]). The hearing evidence showed that, notwithstanding medication and therapy over several extended periods of confinement as a patient in the appellant's facility, the respondent remained extremely psychotic and delusional, as manifested by his own testimony denying that the victim of the crime in which he participated in 1990 was dead, denying his attempted suicide on two prior occasions, and denying his substance abuse problems and his mental illness. The evidence further showed that the respondent believed that the reason he was reincarcerated upon violating his probation in 2000 was a conspiracy by certain individuals against him rather than the fact that he tested positive for marijuana and violated curfew. The respondent's delusional condition at the time of his transfer to the appellant's facility on March 25, 2004, was still present and painfully apparent at the time of the hearings before the Supreme Court.

While the respondent is confined, treated, and medicated for his illnesses, he and others may not be at substantial risk of physical harm. However, the evidence demonstrated that, in view of the respondent's denial of the extent of his mental illness, his substance abuse, and the resultant likelihood that he will relapse to substance abuse, he poses a substantial threat of

physical harm to himself and others if his release from the care and control of the appellant's facility is permitted at this time (*see Richard H. v Consilvio*, 6 AD3d 7 [2004]; *Matter of Ford*, 229 AD2d 319 [1996]; *cf. Matter of Jill A.B.*, 9 AD3d 428 [2004]). Moreover, the proof demonstrated that if released, the respondent intends to reside with his elderly mother, who has a significant history of mental illness herself and is incapable of properly caring for the respondent out of an institutional setting, or of preventing a deterioration in his mental health status, as the expert medical opinion indicates would inevitably occur. Our decision in *Matter of Francine T.* (*supra*), where we noted that "[t]he law does not authorize the involuntary retention of a patient solely for the purpose of providing treatment" (*id.* at 533-534) is inapposite, as that case did not involve a patient with the delusions, denials, and substance abuse from which the respondent suffers. Nor did the Supreme Court properly rely upon *Matter of Carl C.* (126 AD2d 640 [1987]), where the focus was on the patient's "food needs" (*id.*), thus distinguishing it from the instant matter. Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.