■ In the Matter of RICARDO H., Respondent. CHARLOTTE SELTZER, Appellant. [793 NYS2d 140]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care, Charlotte Seltzer appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated September 14, 2004, which, after a hearing, denied the petition and directed the release of the patient. By decision and order on motion of this Court dated October 5, 2004, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is granted.

Contrary to the determination of the Supreme Court, the patient, Ricardo H., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). "To retain a patient in a mental health care facility for involuntary psychiatric care, the facility or its director must establish by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to herself or himself or to others" (*Matter of Dionne D.,* 5 AD3d 766, 767 [2004]; *see Matter of Seltzer v Hogue,* 187 AD2d 230, 237 [1993]).

Testimony and medical records admitted into evidence at the hearing established that Ricardo H. repeatedly has been hospitalized for psychiatric treatment dating back several decades. He suffers from schizoaffective disorder (depressed type), polysubstance dependence (alcohol and cocaine/crack), and antisocial personality disorder. His condition is stable when he is on medication, but he has a history of noncompliance with medications. Without medications, he becomes suicidal, has hallucinations, and often becomes physically and verbally abusive. He has attempted suicide three times in the last five years. Further, he has not resolved a long-standing drug abuse problem. His drug use, coupled with his mental health problems, has led to frequent arrests for both violent and non-violent offenses, ranging from assault to petit larceny.

Over the past several years, a pattern has developed where Ricardo H. would be hospitalized at Creedmoor Psychiatric Center (hereinafter Creedmoor) until he stabilized. He would be

discharged to an assisted outpatient treatment program, only to find himself several months later at the emergency room of New York Presbyterian Hospital in poor physical health, either in a drug-intoxicated state and/or experiencing hallucinations. In July 2004 Ricardo H. repeated this pattern, when he presented at the hospital complaining that he was "hearing voices," and was voluntarily admitted to Creedmoor.

On the facts of this case, the appellant established by clear and convincing evidence that Ricardo H. is mentally ill, is in need of further care and treatment, and poses a threat to himself and/or others (*see Matter of Dionne D., supra; Matter of Seltzer v Hogue, supra*). Accordingly, the petition for retention should have been granted. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.