■ In the Matter of GWENDA GATES, Appellant, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, Respondent. [810 NYS2d 73]—

Appeal from order, Supreme Court, New York County (Lewis Bart Stone, J.), entered November 19, 2004, which, insofar as appealed from, denied petitioner's application for declaratory relief holding that respondent New York City Housing Authority's policy and practice of initiating termination proceedings against victims of domestic violence based on charges of nondesirability are unconstitutionally vague, and for related

---

injunctive relief compelling the Authority to establish specific criteria of nondesirability before exercising its authority to terminate tenancies of domestic violence victims, unanimously dismissed as moot, without costs.

The Authority gave petitioner notice that it would seek to terminate her tenancy because a violent assault committed against her in her apartment by one King, an unauthorized occupant of petitioner's apartment, made petitioner a nondesirable tenant. On multiple occasions, the Authority offered to withdraw the entire proceeding if petitioner agreed to exclude King permanently from the apartment, and offered various forms of assistance to help her reach that goal, but petitioner declined and brought the instant proceeding instead. Supreme Court dismissed the proceeding on various grounds, including petitioner's failure to exhaust her administrative remedies. The parties then entered into a stipulation of settlement in which petitioner "admitt[ed] the charges herein" and agreed to exclude King permanently from the apartment. We reject petitioner's contention that the settlement does not moot her contention that the Authority's nondesirability rules fail to give notice that tenants fall within the scope thereof if assaulted in their apartments. Once petitioner agreed to this settlement, the lawsuit's controversy became moot, and this appeal therefore must be dismissed (*see Matter of Anonymous v New York City Health & Hosps. Corp.*, 70 NY2d 972 [1988]). While eviction proceedings can conceivably be brought against petitioner in the future, a declaratory judgment action should not be entertained when any judgment that might issue will become effective only upon the occurrence of a future event that may or may not come to pass (*see New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]). While the issues raised by petitioner may be considered substantial and novel and likely to recur, this matter nevertheless falls outside the exception to mootness doctrine, because these issues are not the type that typically evade judicial review (*compare Anonymous*, 70 NY2d at 974 [retention order after involuntary commitment does not typically evade review], *with Matter of Chenier v Richard W.*, 82 NY2d 830 [1993] [retention order after voluntary admission typically evades review]). Indeed, these issues are typically susceptible to review, and thus can and should be resolved if and when they arise in the context of a viable justiciable controversy. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.