■ In the Matter of THOMAS G., Respondent. PILGRIM PSYCHIATRIC CENTER, Appellant. [857 NYS2d 631]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a mental health care facility for involuntary psychiatric care for a period not to exceed six months, the petitioner appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated December 21, 2007, which, after a hearing, in effect, denied the petition, and directed the release of the patient in conjunction with assisted outpatient treatment. By decision and order on motion of this Court dated January 17, 2008 [2008 NY Slip Op 61394 (U)] enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is granted.

Contrary to the determination of the Supreme Court, the respondent patient, Thomas G., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or others (*see Matter of Harvey S.*, 38 AD3d 908 [2007], *lv denied* 10 NY3d 702 [2008]; *Matter of Marie H.*, 25 AD3d 704, 707 [2006]). Upon review of a determination by the Supreme Court to release a patient, this Court's factual review power is as broad as that of the hearing court and the Court may make its own findings of fact if " 'no fair interpretation of the evidence . . . can support the Supreme Court's determination' " (*Matter of Luis A.*, 13 AD3d 441, 442 [2004], quoting *Matter of Seltzer v Hogue*, 187 AD2d 230, 237 [1993]).

Here, the appellant demonstrated, by clear and convincing evidence, that the patient's mental illness, Axis I schizoaffective disorder, bipolar type and polysubstance abuse, causes him to pose a substantial threat to others. During the hearing on the appellant's retention application, the Supreme Court was pre-

sented with evidence of the patient's extensive history of psychiatric admissions and hospitalizations caused by the patient's noncompliance with medication and resulting threats of violence toward others. The appellant elicited testimony from an expert in psychiatry who testified that the patient denied that he suffered from a mental illness and refused to accept the recommended dosage of antipsychotic medication which would treat his illness. The expert testified that the patient's paranoid delusions and grandiose thinking prevented him from having any insight into his mental illness or making any informed judgments regarding his treatment. The expert further testified that, were the patient to be released in his current condition, he would pose a danger to his family and the community. During the hearing, the patient testified that, were he to be released, he would continue to refuse to take his recommended antipsychotic medication. While the patient is confined and treated for his mental illness, he and others are not at risk of physical harm. However, the evidence demonstrated, in light of the patient's history of noncompliance with treatment, his denial of his mental illness, and his refusal to take the recommended medication, that he poses a substantial threat of physical harm to others if he were to be released from the appellant's care at this time (*see Matter of Luis A.*, 13 AD3d 441 [2004]; *Matter of Dionne D.*, 5 AD3d 766, 768 [2004]). Accordingly, the petition for retention should have been granted.

In light of our determination, we need not address the appellant's remaining contention. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.