■ In the Matter of JOHN N., Respondent. PILGRIM PSYCHIATRIC CENTER, Appellant. [860 NYS2d 218]—

In a proceeding pursuant to Mental Hygiene Law §§ 9.13 and 9.33 to retain a patient in a mental health care facility for involuntary psychiatric care for a period not to exceed six months, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated January 24, 2008, as, after a hearing, denied the petition and directed the release of the patient. By decision and order on motion of this Court dated April 2, 2008, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is granted.

Contrary to the determination of the Supreme Court, the patient, John N., is a person "in need of involuntary care and treatment" (Mental Hygiene Law § 9.01). To retain a patient in a mental health facility for involuntary psychiatric care, the facility must establish, by clear and convincing evidence, that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to him or herself or others (*see Matter of Dionne D.*, 5 AD3d 766 [2004]).

Here, the mental health facility introduced into evidence an evaluation of the respondent by a sex offender treatment specialist, which reported that the respondent continued to have violent sexual fantasies, involving behavior similar to that for which he had been convicted at age 17 for his participation in a sexual assault upon a 15-year-old girl. The mental health facility also presented testimony from Dr. Kalani, a psychiatrist and the Associate Medical Director of the facility, which was based upon an interview of the respondent that he conducted in September 2007, the respondent's psychiatric treatment records from his time at the facility, and Dr. Kalani's discussions with the respondent's treating physicians. Dr. Kalani testified that the respondent had refused to be interviewed by him again in connection with the retention application. In Dr. Kalani's opinion, the respondent has limited insight into his mental illness, is in need of further sexual offender treatment, and would pose a risk to the community if he was released from the facility due to the likelihood that he would relapse into substance abuse and criminal behavior.

On the basis of the record, the mental health facility proved, by clear and convincing evidence, that the respondent is mentally ill, in need of further treatment, and poses a danger to

others, such that his retention is warranted (*see Matter of Ricardo H.,* 17 AD3d 464 [2005]; *Matter of Dionne D.,* 5 AD3d 766 [2004]; *Matter of John P.,* 265 AD2d 559 [1999]). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.