In the Matter of KENDALL B., Appellant. KENNETH M. GLATT, Respondent. [956 NYS2d 157]—

The petitioner, Kenneth M. Glatt, the Director of Community Services for Dutchess County, filed a petition seeking to direct

Kendall B. to participate in assisted outpatient treatment (hereinafter AOT). The petition, which was filed on April 18, 2012, alleged that Kendall B. suffers from schizophrenia, had a history of noncompliance with treatment, refused to take medication, could not survive in the community without supervision, and needed medication to prevent further deterioration.

Mental Hygiene Law § 9.60 was enacted to provide "a system of [AOT] pursuant to which psychiatric patients unlikely to survive safely in the community without supervision may avoid hospitalization by complying with court-ordered mental health treatment" (*Matter of K.L.*, 1 NY3d 362, 366 [2004]). Before a court may issue an order for AOT, the statute requires that a hearing be held to establish certain criteria by clear and convincing evidence (*see* Mental Hygiene Law § 9.60 [c]; *Matter of K.L.*, 1 NY3d at 367-368).

The Supreme Court's determination, made after a hearing, at which a psychiatrist and a clinical psychologist gave conflicting opinions, is entitled to deference since the Supreme Court, as the trier of fact, was "in the best position to observe [the patient's] behavior as well as evaluate the weight and credibility of the . . . conflicting testimony of the . . . experts" (*Matter of George L.*, 85 NY2d 295, 305 [1995]; *see Matter of Timothy M.*, 307 AD2d 295 [2003]). Here, the Supreme Court's determination that AOT was necessary was supported by clear and convincing evidence.

At the hearing, Dr. Snehal Sheth of St. Francis Hospital testified on behalf of the petitioner. Dr. Sheth, who treated Kendall B. from March through April 2012, conducted evaluations of the patient on March 27, 2012, and April 13, 2012. Based upon his personal knowledge and certain professionally reliable out-of-court material, Dr. Sheth's opinion provided the clear and convincing evidence necessary to warrant the administration of AOT. Indeed, the petitioner demonstrated, inter alia, Kendall B.'s history of noncompliance with treatment, and that such noncompliance was a substantial factor in at least two hospitalizations. The petitioner further demonstrated that Kendall B. refused to take the recommended medication, that he posed a substantial threat of physical harm to himself and others, that AOT was necessary to prevent a relapse or deterioration in his condition which would be likely to result in serious harm to himself or others, and that he was unable to survive in the community without supervision (*see* Mental Hygiene Law § 9.60; *Matter of Thomas G.*, 50 AD3d 1139 [2008]; *Matter of Anthony F.*, 306 AD2d 345 [2003]; *Wagman v Bradshaw*, 292 AD2d 84, 85 [2002]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.