In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care for a period not to exceed six months, Charles Barron, as director of psychiatry at Elmhurst Hospital, appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated February 28, 2013, which, after a hearing, denied the petition and directed the release of the patient forthwith.
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings to facilitate the immediate readmission of Paulina D. to Elmhurst Hospital.
Paulina D. is a 23-year-old woman who suffers from severe anorexia nervosa. She has been at Elmhurst Hospital (hereinafter the Hospital) “continually” for 15 months. At one point dur *884 ing that period, Paulina D. weighed only 52 pounds. Orders were issued directing her involuntary admission and retention at the Hospital pursuant to Mental Hygiene Law §§ 9.27 and 9.33. In January 2013, the Hospital petitioned for an order authorizing Paulina D.’s continued involuntary retention pursuant to Mental Hygiene Law § 9.33. After a hearing on the petition, the Supreme Court denied the petition and directed the release of Paulina D. from the Hospital forthwith.
“Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself [or herself] or others” (Matter of Harvey S., 38 AD3d 908, 908 [2007]; see Matter of Melvin S., 57 AD3d 1002, 1002 [2008]; Matter of John N., 52 AD3d 834, 835 [2008]; Matter of Luis A., 13 AD3d 441, 442 [2004]; Matter of Bethune M., 12 AD3d 605, 606 [2004]; Matter of Dionne D., 5 AD3d 766, 767 [2004]; Matter of Francine T., 302 AD2d 533 [2003]; Matter of Carl C., 126 AD2d 640, 641 [1987]).
Here, contrary to the Supreme Court’s determination, the Hospital established, by clear and convincing evidence, that Paulina D. suffers from a mental illness, is in need of further care and treatment, and poses a substantial threat of physical harm to herself.
The evidence adduced at the hearing included the testimony of Dr. Carrol T. Longshore, one of Paulina D.’s treating psychiatrists at the Hospital, who testified that he regularly examined Paulina D., and that based on his personal psychiatric examinations and his review of her medical records, it was his professional opinion that Paulina D. suffers from “severe anorexia nervosa.” Dr. Longshore indicated that Paulina D. should weigh 100 pounds. As of the date of the hearing, however, Paulina D. weighed only 64 pounds. Additionally, Dr. Longshore stated that Paulina D. suffered from periodic “hypernatremia” due to excessive fluid intake, which Paulina D. used as a “technique” in manipulating her weight. Dr. Longshore further testified that hypernatremia could result in “cerebral edema and death” if Paulina D.’s fluid intake was not restricted. According to Dr. Longshore, Paulina D. engaged in another “technique” to increase her weight where she purposefully retained her urine and feces until she was weighed and immediately thereafter had to relieve herself. Dr. Longshore concluded that if Paulina D. were released from the Hospital, “the likelihood of her having an unacceptable outcome and *885 death is so strong she could not in any way function outside of the [H]ospital.”
Paulina D. testified at the hearing that she planned to live with her mother and sister if released. However, the record indicated that, while Paulina D.’s mother clearly cares deeply for Paulina D., the family’s ability to understand the severity of her anorexia nervosa and the complicated symptoms and treatment associated with her illness is limited. For example, Dr. Longshore testified that while Paulina D. was being treated for hypernatremia by restricting her fluid intake, her family called him 10 times asking if they could give Paulina D. water because she was thirsty.
In light of all of the foregoing, the petition for retention should have been granted.
Although the record is sufficient to make a proper determination on this appeal, we note with disapproval that the Supreme Court curtailed the Hospital’s examination of Dr. Longshore.
Paulina D.’s remaining contentions are without merit.
Accordingly, the Supreme Court erred in denying the Hospital’s petition pursuant to Mental Hygiene Law § 9.33 and directing the release of Paulina D. from the Hospital forthwith. We remit the matter to the Supreme Court, Queens County, for further proceedings to facilitate the immediate readmission of Paulina D. to Elmhurst Hospital. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.