People ex rel. Neville v Linder (2025 NY Slip Op 03581)

People ex rel. Neville v Linder

2025 NY Slip Op 03581

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-09287
 (Index No. 501868/23)

[*1]The People of the State of New York, ex rel. Michael D. Neville, etc., on behalf of Tanai B. (Anonymous), respondent,
v
Howard Linder, etc., appellant.

Abrams Fensterman, LLP, Lake Success, NY (Douglas K. Stern and Sarah A. Chussler of counsel), for appellant.
Mental Hygiene Legal Service, Garden City, NY (Alison Noonan and Dennis B. Feld of counsel), for respondent.

DECISION & ORDER
In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Queens County (Lumarie Maldonado-Cruz, J.), dated October 10, 2023. The judgment, after a hearing, granted the petition and directed that Tanai B. be released.
ORDERED that the appeal is dismissed, without costs or disbursements.
In October 2023, the petitioner filed a petition for a writ of habeas corpus, following the involuntary admission of Tanai B. to the inpatient psychiatric unit at Zucker Hillside Hospital (hereinafter the hospital) purportedly pursuant to Mental Hygiene Law § 9.27. After a hearing, the Supreme Court granted the petition and directed that Tanai B. be released from the hospital. This appeal ensued.
"As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (City of New York v Maul, 14 NY3d 499, 507 [internal quotation marks omitted]). "Typically, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (id. [internal quotation marks omitted]; see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774).
However, "an exception to the mootness doctrine" permits "judicial review, where the issues are substantial or novel, likely to recur and capable of evading review" (City of New York v Maul, 14 NY3d at 507). "The exception to the mootness doctrine requires the existence of three common factors: (1) a likelihood that the issue will repeat, either between the same parties or other members of the public; (2) an issue or phenomenon typically evading appellate review; and (3) a showing of significant or important questions not previously passed upon" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61).
Here, under the circumstances, Tanai B.'s actual release from involuntary commitment at the hospital renders this appeal academic (see Matter of Anonymous v New York City [*2]Health & Hosps. Corp., 70 NY2d 972, 974; Matter of Anthony v Jerry V., 179 AD3d 456). Contrary to the appellant's contention, the issues pertaining to Tanai B.'s involuntary commitment are not a phenomenon typically evading review, and therefore the exception to the mootness doctrine does not apply (see Matter of Anonymous v New York City Health & Hosps. Corp., 70 NY2d at 974; Matter of Pavel V. [Coney Is. Hosp.], 207 AD3d 551, 552).
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court