■ SYLVIA BALL, Respondent, v. WILLIAM F. BALL, Defendant, and CHAUTAUQUA NATIONAL BANK OF JAMESTOWN, Appellant.— Order unanimously reversed, without costs of this appeal to any party and proceeding dismissed. Memorandum: There were questions of fact presented which required a plenary trial in a proper action. This dismissal is without prejudice to the right of any party to present the matter in an appropriate manner, if so advised. (Appeal from an order of Chautauqua Special Term directing Chautauqua National Bank of Jamestown to accept payment of a note given by defendant, William F. Ball, and upon payment deliver to plaintiff receiver a life insurance policy issued on life of defendant by the Northwestern Life Ins. Co.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALOIS LAFAYETTE, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing. Memorandum: From the record it is clear that a question was raised with reference to the inducement of a plea which could only be resolved by a hearing before the trial court. (Appeal from order of Erie County Court denying, without a hearing, motion to vacate a judgment of conviction for violation of subdivision 3 of section 1751 of the Penal Law [possession of narcotics] rendered April 28, 1960.) Present — Williams, P. J., Goldman, McClusky, Henry and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM JACOBS, Appellant, v. DIRECTOR OF GOWANDA STATE HOSPITAL, Respondent.— Order unanimously reversed, with costs, and writ sustained. Memorandum: Sixty-three days after the County Judge of Erie County had granted an order adjudging relator to be mentally ill and certifying him to Gowanda State Hospital (being 60 days after relator had entered the hospital pursuant to such order) the certificate of the medical officer of the hospital was filed in Erie County Clerk's office finding relator to be in need of continued care and treatment. Such certificate was not filed within the 60-day period specified in subdivision 7 of section 74 of the Mental Hygiene Law, and it therefore failed to cause the County Court order of certification to become a final order. That order expired on the 60th day after its date and thereafter relator was illegally detained. (Cf. *People ex rel. Granskofski* v. *Whitehead,* 10 A D 2d 801, affd. 8 N Y 2d 962.) (Appeal from order of Erie Special Term dismissing a writ of habeas corpus and remanding relator to custody of Director of Gowanda State Hospital.) Present — Williams, P. J., Bastow, McClusky, Henry and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD GALE, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing: Memorandum: Only after a hearing may it be decided whether the principles enunciated in *People* v. *Nicholson* (11 N Y 2d 1067) are here applicable. (Appeal from order of Erie County Court denying without a hearing, motion to vacate a judgment of conviction for arson, third degree, rendered October 4, 1960.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.