OPINION OF THE COURT
George L. Cobb, J.
The Mental Hygiene Legal Service has moved to dismiss the retention applications with respect to the above-named patients upon the ground that the retention applications submitted are supported by the most conclusory allegations which are neither sworn nor affirmed.
The instant applications were made pursuant to section 9.33
*829 of the Mental Hygiene Law. Subdivision (b) thereof provides that the court must be satisfied that the patient requires continued retention for care and treatment prior to issuing an order authorizing such retention. When such a retention application is contested, the applicant must prove by clear and convincing evidence that the patient is in need of further care and treatment, that he or she is mentally ill, and that he or she poses a substantial threat of physical harm to himself, herself or others (Matter of Edward L., 137 AD2d 818). This burden is lessened where the application is uncontested and is in effect a default, as the patient may be deemed to have admitted all allegations with respect to his or her mental condition and need for retention. Conclusory allegations sufficient to obtain a default judgment should be sufficient to determine that some retention is warranted (see, Muhlhahn v Triple Cee Bar & Rest. Supply Co., 133 AD2d 996). In addition, certain conclusions are implicit from statements and findings contained in the application (see, Matter of Stefano, 140 Misc 2d 801).
A review of the application with respect to James H. is illustrative of the problems inherent in the procedure followed by the applicant. The application seeks to retain Mr. H. for a period of two years, a very significant period of time. It may be presumed that the original involuntary hospitalization was appropriate. As such, proof that the patient’s condition has not significantly improved would be sufficient to authorize some period of retention. The only proof submitted on the application with respect to Mr. H. is an unsworn, unaffirmed letter addressed to the chief clerk of Supreme Court which states that the patient’s condition has not improved and an unsworn, unaffirmed application signed by one Michelle O’Neal on behalf of Jesse Nixon, Jr., Ph.D. There is no indication who Ms. O’Neal is, or whether she is in any way authorized or qualified to make the conclusory assertions contained in the application. Moreover, there is absolutely nothing in the submission to the court which is addressed to the period of retention which would support a retention order for two years. Such issue is analogous to an assessment of damages and is not admitted by a default. It appears that at a minimum, the applicant should submit an affidavit or affirmation from a physician stating that the condition of the patient has not significantly improved and providing some basis for a determination with respect to the period of retention.
Accordingly, the motions to dismiss the retention applica *830 tians shall be granted to the extent that patients James H. and Patricia M. may be retained for a period of 30 days from the date hereof in order to allow the applicant an opportunity to submit an application for retention supported by sufficient proof to satisfy the court that the patients require continuing retention for care and treatment for the requested period of time.