OPINION OF THE COURT
George M. Bergerman, J.
This is an application by the patient, Nancy H., for release pursuant to Mental Hygiene Law § 9.31. Good Samaritan *31 Hospital makes application for an order of retention and for treatment over objection.
Ms. H.’s initial admission to Good Samaritan Hospital was in violation of the provisions of Mental Hygiene Law § 9.37 (a) and (b) which require that the Director of Community Services make a finding that the proposed patient has “a mental illness for which immediate inpatient care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or herself or others” (Mental Hygiene Law § 9.37 [a]).
Dr. Bhana’s “certificate of the examining physician” fails to contain the “facts and circumstances upon which the judgment of the physician [ ] is based” and fails to “show that the condition of the person examined is such that he needs involuntary-care and treatment in a hospital” as required by Mental Hygiene Law § 9.05 (b).
Dr. Bhana’s (the Director of Community Services) March 21, 1998 certificate of examination form was never completed; neither box containing the necessary conclusion that Ms. H.’s mental illness is “likely to result in serious harm” has been checked.
Dr. Gilman’s certificate of examining physician is also deficient in failing to reveal the “facts and circumstances” to demonstrate that Ms. H. requires involuntary care and treatment in a hospital. (See, Mental Hygiene Law § 9.05 [b].) Dr. Gilman refers only to “dangerous behavior” and Ms. H.’s “burning pots at home” and her belief that “children were specifically sent to her classroom to harass her”.
In addition, the court finds that Ms. H. was unlawfully taken into custody and transported to Good Samaritan Hospital for admission. The statutory authority to take into custody, detain and transport may be exercised only upon the written authorization of the Director of Community Services or his designee. Part B of page 2 of the application for involuntary admission contains a paragraph which is to be completed if such custody retention and transportation is required. Dr. Bhana never completed this paragraph.
In addition, respondent failed to provide Ms. H. with written notice of her rights “immediately” upon her admission as required by Mental Hygiene Law § 9.07. (Ms. H. was admitted on Mar. 21, 1998 and was not provided with written notice until Mar. 23, 1998.)
Ms. H.’s legal rights were violated by the failure to follow the basic procedural requirements of the Mental Hygiene Law. The *32 requirement for three examiners to find that Ms. H. was a danger to herself or others was never fulfilled.
Good Samaritan’s retention application does not cure the basic defects in the original admission. A retention procedure should only go forward with respect to “a patient admitted upon an application supported by medical certification” (Mental Hygiene Law § 3.33 [a]). No application supported by appropriate medical certification was ever made in this instance.
The cases cited by the hospital are inapposite. Matter of Guia G. (173 Misc 2d 111) permitted a retention application to go forward even though the patient was not served with the retention application within the 60-day time frame set forth in Mental Hygiene Law § 9.33 (a). The lack of timeliness was the result of failure to comply with the filing provisions of CPLR 304, a technical procedural defect.
People ex rel. Noel B. v Jones (230 AD2d 809) is likewise inapposite. In that case, the application for retention was made seven days after the statutory deadline. There was never any contention that the initial admission was illegal. Considering the short period of delay, the alleged mental condition of the patient and the State’s interest in “providing care to the mentally ill and in preventing violence to the mentally ill and others” {supra, at 811), the writ was granted and petitioner was to be released unless a hearing was commenced within 15 days to determine whether the petitioner was mentally disabled or in need of further retention for in-patient care and treatment.
Both Guia G. (supra) and Jones (supra) are exceptions to the general rule that the provisions of the Mental Hygiene Law should be strictly construed in favor of the patient’s rights. Both cases were based upon minor procedural technical defects unlike the instant case where the basic substantive provisions of the Mental Hygiene Law requiring that appropriate findings be made were not complied with. The holdings in these cases cannot be extended to the instant situation.
Mental Hygiene Legal Service’s motion for summary judgment on Ms. H.’s application for release is granted.
Respondent’s retention application and application for treatment over objection are hereby dismissed.