■ ANGELA K. MALANGA, Appellant, v CITY OF NEW YORK et al., Respondents. [752 NYS2d 391] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered June 21, 2001, which, upon granting the respective motions of the defendants pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motions are denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

At trial, the plaintiff testified that she slipped and fell on a piece of plastic debris located on a staircase inside a building where she worked as a New York City police officer. The subject building was owned and occupied by the defendant City of New York. The defendant Ebro Restoration Corp. (hereinafter Ebro) was hired by the City to perform certain restoration work on the roof of the building. In addition, a fellow police officer testified that he had observed plastic debris on the staircase on prior occasions, and made complaints to Ebro regarding such condition.

To prove a prima facie case of negligence, the plaintiff had to demonstrate that Ebro created the condition which caused the accident or that the City had actual or constructive notice of it (*see Beltran v Metropolitan Life Ins. Co.,* 259 AD2d 456).

The trial court erred in granting judgment as a matter of law in favor of the defendants. The evidence presented an issue of fact as to whether Ebro created the alleged defective condition. The evidence also presented an issue of fact as to whether the City had notice of such condition.

The trial court also erred in striking the testimony of a certain witness and the exhibits which were admitted into evidence during that witness' testimony. Testimony " 'which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case' " (*Loughlin v City of New York,* 186 AD2d 176, 177, quoting *People v Garafolo,* 44 AD2d 86, 88, and 22 NY Jur, Evidence § 649). Our review of the record does not indicate that the testimony was self-contradictory so as to have warranted exclusion of the subject testimony and exhibits as a matter of law.

In addition, the trial court erred in precluding the plaintiff's treating physicians from providing testimony with respect to the cause of the plaintiff's injuries. Contrary to the trial court's determination, a treating physician may give an expert opinion without prior notice pursuant to CPLR 3101 (d) 1 (i) (*see Hunt v Ryzman,* 292 AD2d 345, 346; *Krinsky v Rachleff,* 276 AD2d 748, 750; *Overeem v Neuhoff,* 254 AD2d 398, 400). Here, the defendants received sufficient notice of both doctors' testimony through the exchange of their reports, pursuant to 22 NYCRR 202.17.

The trial court further erred in prematurely precluding two other physicians from providing testimony with respect to third examinations of the plaintiff and resulting diagnoses by failing to provide the plaintiff's counsel with an opportunity to establish a proper foundation for the introduction of their testimony as treating physicians.

However, the trial court properly precluded the portion of the testimony of Dr. Lanes, one of the plaintiff's treating physicians, regarding his diagnosis of the plaintiff which was based upon a magnetic resonance imaging (hereinafter MRI) report that was prepared by another healthcare professional. The MRI films were not in evidence, and there was no proof that the MRI report was reliable (*see Wagman v Bradshaw,* 292

AD2d 84). Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.