In the Matter of HARVEY S., Appellant. ROCKLAND PSYCHIATRIC CENTER, Respondent. [833 NYS2d 171]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care, the patient appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated April 24, 2006, which, after a hearing, granted the petition of Rockland Psychiatric Center for authorization to retain the patient involuntarily.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or others (*see Matter of Marie H.,* 25 AD3d 704 [2006]; *Matter of Luis A.,* 13 AD3d 441 [2004]; *Matter of Jill A.B.,* 9 AD3d 428 [2004]). That standard was satisfied here.

The evidence adduced at the hearing established that the patient was diagnosed with schizoaffective disorder, bipolar type. He assaulted patients and staff on several occasions, and injured himself to the extent that he had to be transferred to a medical hospital for treatment. When interviewed, the patient was uncommunicative and unresponsive to questions, and could not engage with a therapist. He appeared to suffer from auditory hallucinations. He did not participate in activities at the

hospital. He also denied that he had a mental illness. On this basis, Rockland Psychiatric Center established by clear and convincing evidence that the patient was mentally ill and in need of further care and treatment, and posed a substantial threat of physical harm to himself and others.

Contrary to the position advanced by the patient here, his prior status as a voluntary patient does not preclude his involuntary retention (*cf. Matter of Pilgrim Psychiatric Ctr. [Christian F.],* 197 AD2d 204 [1994]). Mental Hygiene Law § 9.33 establishes the procedure by which a patient who has been involuntarily admitted to a hospital pursuant to Mental Hygiene Law § 9.27 may be retained pursuant to court order. The latter section provides for the involuntary admission to a hospital of *"any* person alleged to be mentally ill and in need of involuntary care and treatment" (emphasis supplied). Although the statute elsewhere expresses a preference for voluntary admission (*see* Mental Hygiene Law § 9.21), there is nothing in the statutory language that precludes the involuntary admission of a patient who was initially admitted to the hospital voluntarily.

The remaining procedural objections raised did not warrant dismissal of the petition. Although a proceeding pursuant to Mental Hygiene Law § 9.33 is a special proceeding (*see Matter of Guia G.,* 173 Misc 2d 111, 115 [1997]) and a special proceeding must be commenced by filing the notice of petition and petition with the clerk of the court prior to service (*see Matter of Gershel v Porr,* 89 NY2d 327, 330 [1996]), the failure to file the petition prior to serving it here does not require that the proceeding be dismissed, in light of the State's "interest in providing care to the mentally ill and in preventing violence to the mentally ill and others" (*People ex rel. Noel B. v Jones,* 230 AD2d 809, 811 [1996]). Even assuming that the requirement that the petition be signed by an attorney (*see* 22 NYCRR 130-1.1a [a]) is applicable to a petition pursuant to Mental Hygiene Law § 9.33, the Supreme Court correctly declined to dismiss the petition on this basis in light of the unique nature of the representation provided by the Attorney General. Although the Attorney General contested the applicability of the signature requirement, the record does not reflect that the Attorney General failed to correct the omission of the signature after it was brought to his attention, as is required before the pleading may be stricken (*id.*). In any event, the remedy for failure to comply with the rule is to obtain leave to file a properly subscribed pleading (*see Cardo v Board of Mgrs., Jefferson Vil. Condo 3,* 29 AD3d 930, 931 [2006]). In light of the unique circumstances presented by a petition pursuant to Mental Hygiene Law § 9.33 and the fact

that, here, the hearing has already been held and the purposes of the pleading have thus already been satisfied, the granting of such relief would be an empty exercise. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.