■ STATE OF NEW YORK ex rel. ANUP KARUR, on Behalf of KARON G., Respondent, v LEROY CARMICHAEL, as Executive Director of Bronx Psychiatric Center, Appellant. [838 NYS2d 562]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about March 26, 2007, which granted petitioner's writ of habeas corpus and directed the immediate release of the patient from respondent's facility, unanimously reversed, on the law, without costs, and the matter remanded for an expeditious hearing to determine whether the patient is in need of further retention.

The patient has been diagnosed with Axis I schizophrenia-paranoid type, Axis II antisocial personality disorder, and is dependent on alcohol and marijuana. In December 2006, the patient required numerous emergency room visits due to an increase in disorganized thoughts and physical violence towards others. On January 10, 2007, following a physical altercation with another patient at the temporary residence where he was staying, the patient was admitted to Bronx Psychiatric Center (BPC) on an emergency basis. On January 23, he was involuntarily retained pursuant to Mental Hygiene Law § 9.27 for a period of 60 days from when he was first received.

On January 26, the patient submitted a request to BPC for a court hearing challenging his commitment, but the request went unanswered. When the patient's authorized retention expired on March 11, he continued to be held without a legal basis. On March 15, the patient again requested a hearing, but it was ignored by BPC. On March 21, the subject writ of habeas corpus was submitted on the patient's behalf, and BPC responded by belatedly applying for an order of retention. It submitted a clinical summary, wherein an attending psychiatrist detailed the patient's history of physical altercations in institutional settings, his experience of command hallucinations and his violent behavior while at BPC, which included physical attacks on fellow patients and staff. Upon directing the immediate release of the patient, the court cited BPC's failure to respond to the patient's hearing requests and its violations of the rights afforded to him under the Mental Hygiene Law.

We reverse and remand the matter for an expeditious hearing to determine whether the patient is in need of further retention. Although BPC's failure to respond to the patient's requests for a hearing challenging his commitment pursuant to Mental Hygiene Law § 9.31, and its retention of the patient without legal status after his authorized retention expired on March 11, 2007 are troubling, Mental Hygiene Law § 33.15 (b) required the court to "examine the facts concerning the person's alleged mental disability and detention," which was not done in the instant matter. The patient's documented history of physical violence both prior to and during his time at BPC raise concerns regarding whether he poses a threat to others, and under the circumstances presented, rather than directing the patient's immediate release, the court should have considered the merits of BPC's retention application (*see People ex rel. Noel B. v Jones*, 230 AD2d 809, 811 [1996], *lv dismissed* 88 NY2d 1065 [1996]). Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.