In the Matter of ROBERT K., Respondent. PILGRIM PSYCHIATRIC CENTER, Appellant. [842 NYS2d 42]—

In a proceeding pursuant to Mental Hygiene Law § 9.27 to retain a patient for involuntary psychiatric care, the petitioner appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 2, 2007, which, after a hearing, denied the petition and directed the release of the patient. By decision and order on motion of this Court dated March 20, 2007,

enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is granted.

At a hearing to determine whether a patient may be retained in a hospital for involuntary psychiatric care, the hospital must establish by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or others (*see Matter of Harvey S.,* 38 AD3d 908 [2007]; *Matter of Marie H.,* 25 AD3d 704, 707 [2006]; *Matter of Ricardo H.,* 17 AD3d 464, 465 [2005]). Here, that standard was satisfied.

The evidence adduced at the hearing established that the patient, Robert K., suffers from chronic paranoid schizophrenia and has been repeatedly hospitalized for psychiatric treatment. On January 24, 2007 Robert K. was admitted to Pilgrim Psychiatric Center (hereinafter Pilgrim), wherein he exhibited "belligerent and threatening" behavior and had to be treated with emergency medication on several occasions. Robert K. denies that he has a mental illness and shows no insight into his condition. According to the psychiatrist who testified on behalf of Pilgrim at the hearing, Robert K. continuously refused medication and refused to participate in his treatment. Moreover, Robert K. has a history of violence while in the community, including an assault on a police officer. Based on the foregoing, Pilgrim established by clear and convincing evidence that Robert K. was mentally ill, in need of further care and treatment, and posed a substantial threat of physical harm to himself or others (*see Matter of Harvey S., supra; Matter of Marie H., supra*). Accordingly, the petition for retention should have been granted. Rivera, J.P., Covello, McCarthy and Dickerson, JJ., concur.