■ In the Matter of THOMAS S. FRANK VERESS, as Acting Clinical Director of St. Lawrence Psychiatric Center, Appellant; THOMAS S., Respondent. [871 NYS2d 770]—

Lahtinen, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered November 5, 2008, which, in a proceeding pursuant to Mental Hygiene Law article 9, granted respondent's motion to dismiss the petition.

Respondent has a long history of acute mental infirmities. His background is replete with violence, criminal conduct (including a conviction for attempted murder of his uncle), threats, and refusal of medications. He was transferred from a state correctional facility where he was an inmate to Central New York Psychiatric Center and, following a hearing, Supreme Court (Shaheen, J.), in June 2008, ordered respondent retained at such center for six months. As his conditional release date from incarceration approached, he was involuntarily admitted to St. Lawrence Psychiatric Center (hereinafter SLPC) in late August 2008 pursuant to Mental Hygiene Law § 9.27, and he did not exercise his right to request a hearing to contest his admission at that time (see Mental Hygiene Law § 9.31).

As the end of the 60-day period following respondent's involuntary admission was approaching, petitioner, the acting director of SLPC, submitted an application to County Court seeking to involuntarily retain respondent (see Mental Hygiene Law § 9.33). However, annexed to the application was the written statement from respondent's treating psychiatrist, who indicated that respondent was not dangerous, did not need hospitalization, qualified for outpatient status and had a good prognosis. Based upon that annexed statement, respondent moved to dismiss the application for failure to state a cause of action. Petitioner opposed the motion, requested a hearing (or, alternatively, permission to submit a new application), and supplemented the application with, among other things, an affidavit from another physician, who set forth in detail the need for retention and explained that the treating psychiatrist did not have respondent's extensive psychiatric history when he prepared his statement. County Court dismissed the petition without a hearing and with prejudice. County Court stayed respondent's release for 15 days. Petitioner appealed and moved in this Court for a temporary stay, which we denied as unnecessary since the statutory stay applied (see CPLR 5519 [a] [1]).

Initially, we are unpersuaded by respondent's contention that the appeal is now moot because he has been removed from

SLPC. During the time the appeal was pending, respondent allegedly violated the terms of his parole, resulting in his removal from SLPC and placement in the St. Lawrence County jail. The record does not, however, establish that respondent has been "discharged" from SLPC within the meaning of Mental Hygiene Law § 29.15 (a). His status at SLPC, although initially denoted as "discharged" when he was removed to jail, thereafter was corrected to "leave to local correctional facility," and a detainer was filed by SLPC with the county officials to insure that respondent is returned to SLPC in the event that he is found not to have violated his parole. Thus, although respondent's current physical location is at another facility, SLPC has purported to exercise its right to retain him. The order from which this appeal is taken impacts whether SLPC can, in fact, retain respondent. Accordingly, the appeal is not moot (see generally Kahn v Levy, 52 AD3d 928, 929 [2008]).

We consider next petitioner's contention that County Court erred in dismissing the application without a hearing. The director of a facility seeking to retain a patient must submit ample documentation supporting such retention (see Mental Hygiene Law § 9.33 [a]; Matter of Patricia M., 150 Misc 2d 828, 829 [1990]), and, where the patient then requests a hearing, one must be conducted (see Mental Hygiene Law § 9.33 [c]). Petitioner's initial paperwork on the retention application was poorly prepared. However, petitioner supplemented his application expeditiously—within a week of the initial filing and two days of respondent's dismissal motion—providing an additional physician's certification as well as several prior clinical reports, all of which supported the application. Although petitioner's lax initial approach cannot be condoned, we are cognizant that the state maintains an important interest "in providing care to the mentally ill and in preventing violence to the mentally ill and others" (People ex rel. Noel B. v Jones, 230 AD2d 809, 811 [1996], lv dismissed 88 NY2d 1065 [1996]). In light of the minor delay in providing the considerable supplemental proof, which indicated that respondent may pose a substantial threat to others (including his documented threats directed toward a sibling as well as his lengthy history of violence), County Court should have conducted a hearing under these circumstances rather than direct respondent's immediate release (see State of N.Y. ex rel. Karur v Carmichael, 41 AD3d 349, 350 [2007]; see also Matter of Harvey S., 38 AD3d 908, 909 [2007], lv denied 10 NY3d 702 [2008]; People ex rel. Noel B. v Jones, 230 AD2d at 811).

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs,

motion denied, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.