In a proceeding pursuant to Mental Hygiene Law § 9.13 for the continued retention of Rebecca Y. for involuntary care and treatment at Brunswick Hall Psychiatric Center, the petitioner appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated March 26, 2010, which, upon the application of Rebecca Y, dismissed the proceeding and directed her release. By decision and order on motion of this Court dated April 5, 2010, enforcement of the order was stayed pending hearing and determination of the appeal.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits.
In October 2009 Brunswick Hall Psychiatric Center (hereinafter Brunswick Hall) admitted Rebecca Y. (hereinafter the patient) for care and treatment. In February 2010 the patient, who at the time was a voluntary patient, requested her release. Immediately thereafter, Brunswick Hall commenced this proceeding pursuant to Mental Hygiene Law § 9.13 for the continued retention of the patient for involuntary care and treatment.
*1029 At the hearing on the petition, counsel for the patient made an oral application to dismiss the petition on the ground that it was jurisdictionally defective. Specifically, counsel argued that because the two certificates from the patient’s examining physicians were dated one day after the petition was signed, Brunswick Hall had failed to comply with Mental Hygiene Law §§ 9.13 and 9.33. After a recess, Brunswick Hall submitted two new certificates from the patient’s examining physicians and a supplemental petition, which was served upon the patient’s counsel. Thereafter, the Supreme Court (Tanenbaum, J.) denied the patient’s counsel’s oral application, and the hearing was adjourned. On a subsequent date, the patient’s counsel renewed his prior oral application to dismiss the petition. In the order appealed from, upon the patient’s application, the Supreme Court dismissed the proceeding and directed the patient’s release. We reverse.
While Brunswick Hall contends that the law of the case doctrine prevented the Supreme Court from dismissing the proceeding on the ground that it was jurisdictionally defective, “the doctrine of law of the case is not binding upon an appellate court” (Wynkoop v County of Nassau, 139 AD2d 731, 732 [1988]; see Donahue v Nassau County Healthcare Corp., 15 AD3d 332, 333 [2005]). Here, the Supreme Court erred in dismissing the proceeding upon the patient’s counsel’s renewed application. Although annexed to the initial petition were certificates from the patient’s treating physicians which were dated one day after the petition was signed, that minor defect did not require that the proceeding be dismissed, in light of the State’s “interest in providing care to the mentally ill and in preventing violence to the mentally ill and others” (People ex rel. Noel B. v Jones, 230 AD2d 809, 811 [1996]; cf. Matter of Harvey S., 38 AD3d 908 [2007]; Matter of Thomas S., 58 AD3d 1063 [2009]). In any event, Brunswick Hall promptly cured the defect and served the supplemental petition upon the patient’s counsel.
Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Suffolk County, for a determination on the merits. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.