■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY HIRSCHFELD, on Behalf of STEPHANIE F., Appellant, v JAMES MC-CUMMINGS, Director, Kingsboro Psychiatric Center, Respondent. [930 NYS2d 682]—

The subject patient was involuntarily committed to the psychiatric service at Brookdale Hospital (hereinafter Brookdale) for a period of 60 days. On January 21, 2010, Brookdale sought to transfer the patient to Kingsboro Psychiatric Center (hereinafter Kingsboro) for extended treatment. The petitioner received notice and an opportunity to object to the transfer. By order dated January 28, 2010, the Supreme Court denied, after a hearing, the petitioner's objections and authorized the transfer, but the patient remained at Brookdale. Nearly four months later, by order of the same court dated May 20, 2010, the Supreme Court directed that the patient be retained at Brookdale for an additional four months.

On May 28, 2010, the patient experienced a fainting spell and was transferred to the medical service at Brookdale for evaluation. In the process of admitting her to the medical service, the patient was "discharged" from the psychiatric service at Brookdale. On June 16, 2010, she was re-admitted to the psychiatric service at Brookdale. On July 8, 2010, the New York State Office of Mental Health issued an order of transfer, based on the request for a transfer dated January 21, 2010, directing the patient's transfer from Brookdale to Kingsboro for extended treatment, and the patient was transferred to Kingsboro.

The petitioner then commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus seeking the patient's

immediate release from Kingsboro on the grounds that her admission to Kingsboro was unlawful and in violation of regulations for the transfer of involuntary patients (*see* 14 NYCRR part 517). The petitioner asserted that the authorization for the patient's transfer to Kingsboro ended with her "discharge" to the medical service at Brookdale on May 28, 2010. The petitioner also asserted that, upon her re-admission to the psychiatric service at Brookdale, the patient did not receive another notice and the opportunity to object to the transfer request as part of her re-admission.

The term "[d]ischarge" is defined as the "release and . . . termination of any right to retain or treat the patient on an inpatient basis" (Mental Hygiene Law § 1.03 [31]). While Brookdale's January 2010 transfer request was pending, the patient was subject to orders of the Supreme Court denying her applications for release and directing that she continue to be retained. Although she was transferred to the medical service at Brookdale and re-admitted to the psychiatric service there, the patient was not "discharged" within the meaning of the Mental Hygiene Law at that time. Under the circumstances, the patient's transfer to the medical service at Brookdale, followed by her subsequent re-admission to the psychiatric service there and ultimate transfer to Kingsboro, did not require her release (*see generally Matter of Rebecca Y. [Brunswick Hall Psychiatric Ctr.],* 76 AD3d 1028, 1029 [2010]; *State of N.Y. ex rel. Karur v Carmichael,* 41 AD3d 349, 350 [2007]).

Accordingly, the Supreme Court properly denied the petition alleging that the patient's confinement was unlawful, as she was properly retained at Brookdale at the time of her transfer to Kingsboro (*see* 14 NYCRR part 517).

The petitioner's remaining contentions need not be addressed in light of our determination. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.