■ In the Matter of PETER L., Respondent. CREEDMOOR PSYCHIATRIC CENTER, Appellant. [998 NYS2d 444]—

In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care, the petitioner, Creedmoor Psychiatric Center, appeals from an amended order of the Supreme Court, Queens County (Schulman, J.), dated June 6, 2014, which, after a hearing, denied the petition and directed the release of the patient forthwith. By decision and order on motion dated June 25, 2014, this Court granted the appellant's motion to stay enforcement of the order pending hearing and determination of the appeal.

Ordered that the amended order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, before a different justice, for a new hearing on the petition and a new determination thereafter.

In February 2013, Peter L., who has a long history of hospitalizations for mental illness, was transferred pursuant to CPL 730.40 from a correctional facility to Creedmoor Psychiatric Center (hereinafter Creedmoor) for care and treatment. He was involuntarily admitted and retained at Creedmoor pursuant to Mental Hygiene Law §§ 9.27 and 9.33. In April 2014, Creedmoor petitioned pursuant to Mental Hygiene Law § 9.33 for Peter L.'s continued involuntary retention. At a hearing on the petition, Creedmoor presented the testimony of one of its psychiatrists, its only witness, who testified that Peter L. suf-

fers from schizophrenia and had threatened hospital staff. Several times at the hearing, the witness testified that Peter L. made threatening telephone calls while an inpatient at Creedmoor and, each time, the hearing justice sustained Peter L.'s objection to the testimony and directed the witness to refrain from referring to such telephone calls. Despite those admonitions, the witness, in the middle of direct examination by an assistant attorney general, again mentioned the telephone calls, after which the hearing justice, sua sponte, struck the witness's entire testimony, asked the witness how many "college degrees" he had earned, twice suggested that the witness was unable to follow instructions despite all of his "college degrees," accused the witness of inappropriately "star[ing]" at the justice, immediately thereafter said "good bye" to the witness while he was still on the stand, and repeatedly criticized the witness for willfully failing to follow the court's instructions and for allegedly insolent behavior. Although the trial justice characterized the witness's conduct as "almost contemptuous," he clarified that statement with the phrase "not that it was." The Supreme Court thereupon denied the petition and directed the release of Peter L. from Creedmoor forthwith.

The Supreme Court erred in striking the testimony of Creedmoor's only witness. The record does not support its finding that the witness's testimony was incredible (*see Malanga v City of New York*, 300 AD2d 549, 550 [2002]; *see also Matter of Mohamed B.*, 83 AD3d 829, 831 [2011]). Moreover, the Supreme Court found that the witness's behavior was not contemptuous and, in any event, the court's remedies for punishing contemptuous conduct would have been limited to imposing a fine or imprisonment, or both (*see* Judiciary Law §§ 751 [1]; 753 [A]; *Parker v Top Homes, Inc.*, 58 AD3d 817, 819 [2009]; *Pitterson v Watson*, 299 AD2d 467, 468 [2002]).

In light of the foregoing, and considering "the State's 'interest in providing care to the mentally ill and in preventing violence to the mentally ill and others' " (*Matter of Rebecca Y. [Brunswick Hall Psychiatric Ctr.]*, 76 AD3d 1028, 1029 [2010], quoting *People ex rel. Noel B. v Jones*, 230 AD2d 809, 811 [1996]; *see Matter of Thomas S.*, 58 AD3d 1063, 1065 [2009]), we remit the matter to the Supreme Court, Queens County, for a new hearing on the petition and a new determination thereafter. In light of the apparent personal displeasure with Creedmoor's witness that was evinced by the justice who conducted the initial hearing, the new hearing shall be conducted, and the new determination shall be rendered, by a different justice.

The parties' remaining contentions need not be reached in

light of our determination. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.