Matter of State of N.Y. ex rel. Giffen v Hoffman (2018 NY Slip Op 03462)





Matter of State of N.Y. ex rel. Giffen v Hoffman


2018 NY Slip Op 03462


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6541 250504/17

[*1]In re the State of New York, ex rel. Todd Giffen, Petitioner-Appellant,
v
Dr. Amy Hoffman, etc., Respondent-Respondent.


Marvin Bernstein, Mental Hygiene Legal Service, New York (Sadie Z. Ishee of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for respondent.



Judgment (denominated an order), Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about September 12, 2017, to the extent it denied the petition for a writ of habeas corpus, unanimously reversed, on the law, without costs, and the petition granted.
In light of petitioner's release from involuntary confinement pursuant to Mental Hygiene Law (MHL) article 9, this appeal is moot, as petitioner concedes. However, we reach the merits because the appeal raises a substantial and novel issue that is likely to recur yet typically evades review (see Mental Hygiene Legal Servs. v Ford, 92 NY2d 500, 505-506 [1998]; see also People ex rel. DeLia v Munsey, 26 NY3d 124, 129 n 2 [2015]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). We reject respondent's argument that the issue raised in this proceeding is unlikely to recur (see e.g. State of N.Y. ex rel. Karur v Carmichael, 41 AD3d 349, 350 [1st Dept 2007]).
As respondent now concedes, the letter submitted by petitioner on the day he was involuntary admitted to Lincoln Hospital reasonably conveyed that he sought a "hearing on the question of need for involuntary care and treatment" (MHL § 9.31[a]), and should have been forwarded to the appropriate court "forthwith" (id. § 9.31[b]. The handwritten letter says, "I am falsely imprisoned and deprived of liberty," in violation of certain United States Supreme Court decisions, "I demand a jury trial immediately," and "I demand my lawyer." To the extent the court found the request in this letter insufficiently clear or formal, because there were other, unrelated complaints raised in the letter or for any other reason, this was error. The letter should have been interpreted reasonably to effectuate the
statute's purpose of allowing patients to challenge their involuntary confinement on an expedited basis, as required by MHL § 9.31.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK