J.S. v El-Shafei (2024 NY Slip Op 50584(U))

[*1]

J.S. v El-Shafei

2024 NY Slip Op 50584(U)

Decided on May 17, 2024

Supreme Court, New York County

Perry III, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 17, 2024
Supreme Court, New York County

J.S.,[FN1] Petitioner,

against
Ashraf El-Shafei, M.D., ACTING DIRECTOR OF PSYCHIATRY, 
 METROPOLITAN HOSPITAL, Respondent.

Index No. XXXXX

The Petitioner, patient, was represented by Jessica Heymach with Mental Hygiene Legal Service in the First Department whose Director is Marvin Bernstein. And the Respondent, Metropolitan Hospital, was represented by Alesha Powell of Barker Patterson Nichols.

W. Franc Perry III, J.

On May 6, 2024, the petitioner, J.S.,
filed a writ pursuant to Article 70 of the Civil Practice Laws and Rules ("CPLR") alleging the occurrence of a due process violation in his involuntary civil commitment and thus arguing for his immediate release.[FN2]
This writ was argued before this Court on May 8, 2024.
 FACTS
J.S. arrived at the Comprehensive Psychiatric Emergency Program ("CPEP") located within Metropolitan Hospital on May 4, 2024. Shortly after arrival to the CPEP, a physician examined J.S. and found that he met the criteria to be involuntarily held for psychiatric observation pursuant to Section 9.39 of the Mental Hygiene Law ("MHL"). Such a finding permitted J.S. to be involuntarily held for up to forty-eight hours for observation and to determine the need, if any, for further admission for psychiatric care and treatment. The [*2]physician completed the requisite admission form [FN3]
and signed such form attesting that based on the examination of J.S. and a review of his case history, that the physician "found reasonable cause to believe that the person [J.S.] has a mental illness for which immediate observation, care and treatment in a mental hospital is appropriate and which is likely to result in serious harm to himself or others." Approximately fifteen hours later, another physician conducted the statutorily mandated confirmation examination and completed the remaining section of the admission form. This psychiatrist confirmed the need for J.S. to be admitted to the hospital and attested that he met the full criteria to be admitted under MHL § 9.39 which permits someone to be admitted for involuntary care and treatment for up to fifteen days.[FN4]
The confirming doctor noted on the form in the sections addressing the patient's conduct and psychiatric signs and symptoms, that J.S.'s "judgment is impaired", that he is "exhibiting impulsive decision making", and that he is "highly impulsive and antagonistic with staff and patients". The physician also answered in the negative to the question as to whether J.S. showed a tendency to cause serious harm to himself or to others. Lastly, the physician signed the required admission form under the form's pre-printed language that based on his examination of J.S. and the case history, "that there is reasonable cause to believe that the patient has a mental illness for which immediate care and treatment in a hospital is appropriate, and which is likely to result in serious harm to the patient or others." 

ARGUMENT
The petitioner alleged that his involuntary hospitalization was unlawful as his admission was outside of the protections of the Mental Hygiene Law. Specifically, the petitioner alleged that the confirming physician did not find that J.S. met the full criteria necessary to be admitted pursuant to MHL§ 9.39 and that the required admission form was facially inadequate. The admission form generated by the New York Office of Mental Health instructs the second examining physician to check boxes indicating whether the person shows a tendency to cause serious harm to himself or to others. If the physician answers either inquiry in the affirmative, the form requires a written explanation. On J.S.'s MHL § 9.39 form, the confirming physician responded no to both of the inquiries about his tendency to cause serious harm to himself and to others. Respondent asserted that simply answering these questions in the negative should not result in the finding of a due process violation warranting J.S.'s immediate release. Respondent asserted that both statutorily required admission examinations were timely conducted and, while not providing evidence of such, argued that answering these questions in the negative may have been a ministerial error by the physician. Lastly, the respondent noted that the form is unclear as to what is meant about a tendency to cause serious harm to oneself or others.[FN5]

 FINDINGS
In People ex rel. Delia v. Munsey, 26 NY3d 124 (NY Court of Appeals 2015), the Court of Appeals established that, in addition to proceeding under the writ provision contained in the MHL, a patient admitted under the MHL has the right to bring a CPLR writ when the person is alleging illegal detainment based on a violation of their due process rights. Munsey at 130-34. The Court opined that the right to bring a CPLR writ was necessary to ensure patients receive the procedural due process provisions contained in the MHL. Id. at 132-33 (stating that "a patient may be involuntarily committed only where the standards for commitment and the procedures set forth in the Mental Hygiene Law—which satisfy the demands of due process—are met"). The Court found that not "every violation of the Mental Hygiene Law amounts to a due process violation or will entitle a patient to a writ of habeas corpus but, "[w]ithout a court order of continued retention [in accordance with the Mental Hygiene Law], or the consent of the patient, the hospital must release the patient". Id. at 133 (quoting Project Release v. Prevost, 722 F.2d 960, at 967 (2d Cir 1983)). The very constitutionality of the MHL is based on the due process protections it contains, specifically the various levels of professional and judicial review and its notice provisions, just to name a few. See Project Release at 974-75.
The petitioner directed this Court's attention to two cases in particular. In In re Nancy H., 177 Misc 2d 30 (Sup. Ct. Rockland County 1998), the court found that an admitting physician had neglected to document the "facts and circumstances" that informed the physician's opinion and also neglected to document "the condition of the person examined is such that he needs involuntary care and treatment in a hospital".[FN6]
Unlike the physician in the instant matter, the physician in Nancy H. left numerous sections of the form entirely blank and didn't document what the physician's opinion was actually based on. The petitioner also cited Monaco v. Carpinello, No. CV-98-3386(CPS), 2004 WL 3090598, (E.D.NY 2004). In Monaco, the federal court held that a person cannot be involuntarily hospitalized "pursuant to [MHL] § 9.37 [section with similar admission criteria to MHL § 9.39] unless the evaluating psychiatrist identifies the facts and circumstances upon which he bases the determination that the patient is dangerous." Id. at 15. J.S.'s admitting physicians, to the contrary, documented the conduct and symptoms upon which their opinions were based.

 CONCLUSION
MHL § 9.39(a) allows a hospital to: admit someone only if a facility's staff physician upon examination finds that such person qualifies under the requirements of the section. The individual shall be held for no more than forty-eight hours unless within such period the need for admission is confirmed after examination by another physician.
In this matter, both statutorily mandated psychiatric examinations occurred timely. The confirming doctor attested that based on his observation and examination of J.S. and the case [*3]history, "that there is reasonable cause to believe that the patient has a mental illness for which immediate care and treatment in a hospital is appropriate, and which is likely to result in serious harm to the patient or others." In addition, the confirming examiner, noted facts and observations regarding J.S.'s conduct and psychiatric signs and symptoms on the MHL § 9.39 admission form and stated that such facts and information were true to the best of his knowledge and belief. The physician specifically documented that J.S.'s "judgment is impaired", that he is "exhibiting impulsive decision making", and that he is "highly impulsive and antagonistic with staff and patients".
Both admitting physicians indicated that based on their psychiatric examinations and review of the case history, that they found reasonable cause to believe that the full admission criteria of MHL § 9.39 had been met. A person may only be admitted to a psychiatric facility in New York state pursuant to the Mental Hygiene Law. See MHL § 9.03. Each section of the MHL that authorizes a patient's psychiatric admission or continued confinement mandates that physicians examine the individual at specific intervals of time to determine whether the person meets the respective criteria to be admitted or further hospitalized. The physicians must document such findings and opinions on forms issued by the New York Office of Mental Health. See MHL § 29.01. As noted supra, the constitutionality of the MHL is in fact based on its due process protections. See Project Release at 974-75.
However, the determination of whether there is clear and convincing evidence that all of the MHL § 9.39 admission criteria are present is to be determined by judicial review of the merits of the case and, absent the finding of a due process violation, such a judicial finding should not be limited solely to the four corners of the admission paperwork. The Court finds that there is no due process violation pursuant to Munsey that requires immediate release in this matter. Thus, the writ is denied.[FN7]

This constitutes the decision and order of this Court.
Dated: May 17, 2024
ENTER:
W. Franc Perry III, JSC

Footnotes

Footnote 1:The Court is using the petitioner's initials to maintain his privacy.

Footnote 2:Mental Hygiene Law has its own writ provision where the Court must examine the facts pertaining to the petitioner's mental condition and detention. See MHL § 33.15. In People ex rel. Delia v. Munsey, 26 NY3d 124 (NY Court of Appeals 2015), the NY Court of Appeals ruled that a petitioner can proceed under either writ provision, and the Court expanded on each provision's applicability. 

Footnote 3:MHL § 29.01 provides that the OMH commissioner "shall prescribe and furnish forms for use in procedures for admission. Admission shall be had only upon such forms."

Footnote 4:Each section of the MHL authorizing psychiatric admission or further hospitalization lists the outer limit of time allowed under the respective provision. Such person is to be discharged when they no longer meet the criteria to be hospitalized.

Footnote 5:Neither party indicated whether OMH has issued any guidance to hospitals or physicians on whether its MHL § 9.39 admission form is inquiring about past history or future propensity when it asks whether "the patient show a tendency to cause serious harm to him/herself? To others?"
Footnote 6:MHL § 9.05(b) documents what must be included in a physician's certificate contained in an application to admit a person under MHL § 9.27 which is a different involuntary admission status that allows a person to be held for involuntary psychiatric care for up to sixty days and can be started by doctors in the community.

Footnote 7:The Court issued its decision denying this writ orally on May 8, 2024, then immediately presided over the MHL § 9.39 application for J.S.'s release and heard evidence on whether or not he met the full criteria to be retained under this section.