Fontana v LaRosa (2025 NY Slip Op 06159)

Fontana v LaRosa

2025 NY Slip Op 06159

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-06365
2021-06653
 (Index No. 32169/02)

[*1]Gary Fontana, etc., appellant, 
v
Charles L. LaRosa, etc., et al., respondents.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (T. McKinley Thornton of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Timothy Gallagher, Christopher Simone, and Lena Holubnyczyj of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 2, 2021, and (2) a judgment of the same court entered August 19, 2021. The order granted the defendants' application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial before a different Justice; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
The appeal from the order must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On March 22, 2001, the plaintiff, Gary Fontana, underwent a vein-stripping procedure administered by the defendant Charles L. LaRosa. Upon waking from the procedure, Fontana alleged that he did not have feeling in his left leg and could not walk unassisted. He was later diagnosed with a "foot drop," caused by a weakness or paralysis of the muscles in his left leg.
In December 2002, Fontana, and his spouse suing derivatively, commenced this action against LaRosa and the defendant Island Surgical and Vascular Group, P.C. (hereinafter [*2]together the defendants), inter alia, to recover damages for medical malpractice. A bill of particulars alleged, among other things, that the defendants departed from good and accepted medical practice by injuring the peroneal nerve during the vein-stripping procedure. At trial, Fontana's position was supported by, inter alia, the testimony of his expert James Alexander.
At the close of Fontana's case, the defendants made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court reserved decision. After LaRosa testified, the defendants renewed their application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. In an order dated August 2, 2021, the court granted the defendants' application, determining that Fontana had not established his prima facie case of medical malpractice because he had failed to submit competent medical evidence demonstrating that the defendants deviated from the standard of care or that any such deviation was a proximate cause of his injury. A judgment was entered August 19, 2021, upon the order, in favor of the defendants and against Fontana dismissing the complaint. Fontana appeals.
To be entitled to judgment as a matter of law pursuant to CPLR 4401, "a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant" (Whitehall v Andrade, 231 AD3d 1094, 1095 [internal quotation marks omitted]). "'In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial'" (id., quoting Feteha v Scheinman, 169 AD3d 871, 872).
"To establish a prima facie case of medical malpractice, a plaintiff must prove '(1) the standard of care in the locality where the treatment occurred, (2) that the defendants breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury'" (id. [alteration omitted], quoting Pieter v Polin, 148 AD3d 1193, 1194). "Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (id. at 1096).
"To establish proximate causation in a medical malpractice case, a plaintiff must present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (id. [internal quotation marks omitted]). "A finding of liability is not appropriate where, to establish a connection between a defendant's alleged departures and the plaintiff's injuries, the jury could only rely on speculation" (id.). However, "the plaintiff's evidence may be deemed legally sufficient even if its expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased his injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased his injury" (Starre v Dean, 229 AD3d 728, 731-732 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to Fontana, the defendants did not establish that there was no rational basis by which the jury could find that LaRosa had breached the relevant standard of care or that said breach was the proximate cause of Fontana's injury. Fontana submitted competent evidence in the form of Alexander's testimony, which was corroborated by, inter alia, Fontana's medical records, that LaRosa departed from the relevant standard of care by stripping the entire lesser saphenous vein up to the saphenopopliteal junction. Instead, Alexander opined, LaRosa should have dissected the lesser saphenous vein "at the level of [Fontana's] fascia," not up to the saphenopopliteal junction, thereby lowering Fontana's risk for a nerve injury. Fontana's evidence also set forth a rational basis by which the jury could find that LaRosa's breach was the proximate cause of Fontana's alleged nerve injury.
Accordingly, the Supreme Court should have denied the defendants' application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint (see Castro v Klein, 204 AD3d 881, 882; Borawski v Huang, 34 AD3d 409, 410).
In light of the Supreme Court's apparent personal displeasure with Fontana's trial counsel as well as one of his witnesses, on remittal, a new trial should proceed before a different Justice (see generally Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 149 AD3d 885, 886; Matter of Peter L. [Creedmoor Psychiatric Ctr.], 123 AD3d 828, 829).
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court